UNITED STATE DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

———————————————————————    X

Eric Owens

                 Plaintiff

                             ,

1. Gregory Cutrone Clerk to the Village Justice
2. Allen Mathers, Justice Garden City
3. C. Gomoka, Garden City Village Traffic Prosecutor
4. Jane / John Doe (s), Prosecutors for Garden City responsible
    For prosecuting the 3 tickets, defendants

    In their Official and Individual Capacity

Claim Jury Demand

———————————————————————————————

I Eric Owens, Plaintiff residing at 12 Butler St Glen Cove, NY 11542 Apt 2C, respectfully submit this U.S.C 1983, and 1985 complaint against the above defendant(s) complaining of said defendants for violating my 1st, 4th, 5th and 14th Amendments, by failing to allow me a trial, by failing to prosecute, which has led to malicious prosecution and deprivations of my Civil Rights.

## Jurisdiction

Although it appears that the State proceeding is still pending, due to the defendant's misuse their power and authority This Court have jurisdiction because:

Defendant's **NEVER HAD** subject matter jurisdiction because of the location Officer wrote down, and swore to is NOT GARDEN CITY, ITS CARLE PLACE, NEW YORK, which I have repeat pointed out to the def's in my filings and motions.

"When it is alleged that the Court lacks subject matter jurisdiction over an action, a defendant can make a motion to dismiss, for want of subject matter jurisdiction, pursuant to CPLR §3211(a)(2). CPLR 3211(a)(8) states that a party may move to dismiss one or more causes of actions asserted against that party upon the ground that "the court has not jurisdiction of the person of the defendant." Upon a motion to dismiss for lack of personal jurisdiction, the central issue to be decided is whether the Court has jurisdiction and if not the Court must dismiss the action without condition. Foley v. Roche, 68 AD2d 558,

418 N.Y.S.2d 588 (1st Dept. 1979). Further, where the movant submits unrefuted allegations that the Court lacks personal jurisdiction over the movant, the motion should be granted. Sanchez v. Major, 289 AD2d 320, 734 N.Y.S.2d 211 (2d Dept. 2001)".

Even if the defendants in this case had subject matter jurisdiction, defendants lost jurisdiction due to speedy trial violations, discovery violations and failing to prosecute for over 2 years in violation of NYS Court Appeals, and in violation of U. S. Supreme Court Rulings, and the list goes on....Defendant / People of The State have been silent on the entire prosecution for 2 years, not 1 pleading in opposition at any time with any Court that I have sought relief from.

"Plaintiffs bear the burden to show subject matter jurisdiction under Rule 12(b)(1), and the Court must determine whether it has subject matter jurisdiction before addressing the merits of the complaint. See Steel Co. v Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998

While a Federal court cannot interfere in a criminal case already pending in a state court, and while, as a general rule, a court of equity cannot enjoin criminal proceedings, those rules do not apply when such proceedings are brought to enforce an alleged unconstitutional state statute, after the unconstitutionality thereof has become the subject of inquiry in a suit pending in a Federal court which has first obtained jurisdiction thereover; and, under such circumstances, the Federal court has the right in both civil and criminal cases to hold and maintain such jurisdiction to the exclusion of all other courts.

Notably, it has been held that federal courts may exercise authority over a state proceeding where **(1) the state brought the criminal proceeding in bad faith and (i.e., brought as a means of harassing the defendant); (2) the statute challenged is patently unconstitutional; or (3) the state forum's is incompetent to adjudicate because of, for example, bias.**

## *Younger v. Harris, 401 U.S. 37 (1971)*

The Younger case has been miss used by the private attorney in his opposition (and acting as the

prosecution) to get all my efforts for due process to be obstructed.

"Federal courts will not enjoin pending state criminal prosecutions except under extraordinary circumstances where the danger of irreparable loss is both great and immediate in that (unlike the situation affecting Harris) there is a threat to the plaintiff's federally protected rights that cannot be eliminated by his defense against a single prosecution.

The decision in *Dombrowski, supra,* which involved alleged bad faith harassment and is factually distinguishable from this case, does not substantially broaden the availability of injunctions against state criminal prosecutions. Pp. 401 U. S. 43-5. "*Ex parte Young,* 209 U. S. 123, and following cases have established the doctrine that, when absolutely necessary for protection of constitutional rights, courts of the United States have power to enjoin state officers from instituting criminal actions. But this may not be done except under extraordinary circumstances where the danger of irreparable loss is both great and immediate. Ordinarily, there should be no interference with such officers; primarily, they are charged with the duty of prosecuting offenders against the laws of the State and must decide when and how this is to be done. The accused should first set up and rely upon his defense in the state courts, even though this involves a challenge of the validity of some statute, unless it plainly appears that this course would not afford adequate protection."

*Id.* at 271 U. S. 243-244. These principles, made clear in the *Fenner* case, have been repeatedly followed and reaffirmed in other cases involving threatened prosecutions. *See, e.g.,* 295 U. S. S. 46⊡ Sales Co. v. Dodge, 295 U. S. 89 *(1935);* Beall v. Missouri Pac. R. Co., *312 U. S. 45 (1941);* Watson v. Buck, *313 U. S. 387 (1941);* Williams v. Miller, *317 U.S. 599 (1942);* Douglas v. City of Jeannette,@ 319 U. S. 157 (1943). In all of these cases, the Court stressed the importance of showing irreparable injury, the traditional prerequisite to obtaining an injunction. In addition, however, the Court also made clear that, in view of the fundamental policy against federal interference with state criminal prosecutions, even irreparable injury is insufficient unless it is "both great and immediate." *Fenner, supra.* Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not, by themselves, be considered "irreparable" in the special legal sense of that term. **Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution.** *See, e.g., Ex parte Young, supra,* at 209 U. S. 145-147. Thus, in the *Buck* case, *supra,* at 313 U. S. 400, we stressed: *__Younger v. Harris, 401 U.S. 37 (1971)__*

**Although elements of Younger applies in favor of the Plaintiff, a more accurate authority that's applicable to my claim is the decision in *Dombrowski.***

**This Plaintiff** also has standing for review and to file this claim and continue with the other claims under 'exception to finality"

**"Exceptions to Finality Requirement for Judicial Review**

Generally, an order should be final before a party to the case can seek judicial review. This rule helps to maintain continuity and streamline litigation. [i] A party seeking review must show that s/he suffered legal wrong because of the challenged agency action, or is adversely affected or aggrieved by that action.[ii]

In cases where there is a clear jurisdictional defect it will constitute an exception to the final order requirement. When jurisdiction is in dispute in a case the agency should make initial determination of its jurisdiction.

According to the Model State Administrative Procedure Act (1981), a party can seek judicial review of non – final administrative agency decisions if expressly authorized by the Act for judicial review, and if postponement of judicial review will result in irreparable harm to the party.

According to the doctrine of ripeness cases are declared not ripe when the injuries are too speculative, or never occurring. The rationale behind the ripeness doctrine is that a court should not issue premature judgments based on abstract disagreements. [iii] However, as an exception to the doctrine, early reviews can be conducted in a case if the legal question is ripe for resolution and delay means hardship. A party can be in unnecessary hardship when an agency action results in a direct and immediate harmful effect on the party, or a change in the day-to-day behavior of the party. [iv]

The hardship can be due to exposure to criminal penalties for noncompliance, a loss of the benefits of a government program, such as medical benefits under Medicare, or damage to the living environment.

A collateral order exception can also be provided to the finality rule. According to the exception immediate appeals from orders that do not fully and finally end litigation among parties can be allowed. [v] The exception can be applied only when the party appealing from an interlocutory order show that the order determines an issue conclusively, the issue determined is different from the merits of the case, and it is not reviewable on appeal from a final judgment. [vi]

Conditions to appeal from an interlocutory order in an administrative action are as follows: [vii]

- The interlocutory order should be an order separable from the main issue.
- There should be a conclusive determination of a collateral issue in the interlocutory order.
- The order should be of utmost importance that a court cannot deny review.
- Postponement of judicial review in the interlocutory order can result in irreparable harm to the party.

[i] *Digital Props. v. City of Plantation,* 121 F.3d 586 (11th Cir. Fla. 1997)

[ii] *Media Gen. Operations, Inc. v. Herman,* 152 F. Supp. 2d 1368, 1371 (S.D. Ga. 2001)

[iii] *Nat'l Park Hospitality Ass'n v. DOI,* 538 U.S. 803 (U.S. 2003)

[iv] *Devia v. NRC,* 492 F.3d 421 (D.C. Cir. 2007)

[v] *United States v. Baker,* 603 F.2d 759 (9th Cir. Wash. 1979)

[vi] *In re Asbestos-Related Litigation,* 1991 U.S. App. LEXIS 22148 (4th Cir. 1991)

[vii] *Will v. Hallock,* 546 U.S. 345 (U.S. 2006)"


**It is also my position that even if they def's had jurisdiction, they lost it due the amended speedy trial Statute in NYS CPL, that I petitioned and had amended.**


- Defendants, also have failed to intervene.

- Def's have violated my constitutional right to a speedy trial.

- Def's have violated discovery and motion practice outlined in NYS CPL Statues and NYS Motor Vehicle Traffic Laws, designed to provide a motorist who has been accused of a traffic "offense(s)" with right to due process.

- Def's have violated every U.S. Supreme Court and District Court rulings regarding the prosecution of traffic tickets, and the accuses' due process rights.

- Def's have violated every NYS Statue, and every NYS Motor vehicle traffic laws for adjudication traffic "offenses".

- Def's have violated every NYS Court of Appeals and lower Courts' rulings on the rights of a person accused of traffic offense and time limitations for the People of The State of New York to prosecute.

- Def's have violated United States, District Courts', NYS Court of Appeal and lower Courts ruling regarding time limits for adjudicating traffic tickets, providing an accused the opportunity to confront his / her accuser and the right to a fair, process.

- Def's allowed the private attorneys of the Officer that wrote the tickets to exceed their power and authority, by defending the def's in a Federal Civil suit I filed (23cv7730), to act in the authority as The People of The State of New York and blocked all my efforts, at every level in which I have attempted to have the tickets dismissed or a trial.

- Def's along with the private attorney, have engaged in arbitrary and capricious conduct, and have totally defied the laws of due process, and fairness as a result the def's have set negative, precedents':

- Def's not only violated the laws; they even violated their own policy for prosecuting traffic offenses:

"Garden City Justice Court https://www.gardencityny.net/190/Justice-Court

The Garden City Justice Court is part of the Unified Court System of the State of New York. It hears all matters involving summonses for parking offenses, building violations, New York State Vehicle and Traffic Law violations and misdemeanors, Tax Law, and other matters New York State has placed under Village jurisdiction.

The Court may impose fines, sentence convicted defendants to imprisonment, or enter into agreements with defendants to perform community service in lieu of traditional sentencing. Our current Village Justice is Honorable Allen S. Mathers and our Associate Village Justices are Honorable Merril S. Biscone and Honorable Peter Menoudakos.

If you have received a Summons for an infraction of our Village Code, Vehicle and Traffic Laws of the State of New York, you may enter a plea to the summons by mail, with certain exceptions. Below are instructions for answering a traffic ticket:

You may respond to a summons in the following ways:

If you plead guilty or not guilty by mail before the court date listed on your summons you do not have to appear in court on the court date. If you plead not guilty by mail you will be notified by mail at your address registered with the NYS DMV of the date for a conference with the Village Prosecutor and a Judge".

- 2 years, 2 months and still counting no conference has ever occurred.

**As a result of the def's and private attorney's conduct, I now have the longest, unadjudicated, pending, traffic tickets in the history of Garden City, in the history of Nassau County, NY, in the history of the State of New York, and in the history of the entire United States, (2 years 3 months and counting), No cases like this exist.**

**I have delivered 6 motions beginning in March 2023 with the last one on Feb. to the def's: Motion to dismiss due to lack of subject matter jurisdiction, requesting a speedy trial, discovery demand, THE PEOPLE NEVER responded in opposition, nor to defend the violations, nor with a reasonable explanation for the delays. The Def's ignored my pleadings, and were silent for the entire 2 years, until according to Def 2, January 30, 2025, The People submitted an opposition, and def 2 denied my motions, with prejudice)** See decision from Def 2.

- Def's never made me aware that the motions were answered by the People, by mail, email, pleading, a phone call nothing.

- At the time of this writing, I have not been afforded copies of the def' 3 oppositions to my motions, along with the legal authority's they used in order to support their oppositions'.

- At the time of this writing, I have not been afforded a copy of def 2's explanations regarding the lawful, reasons for his denial, and what legal authority's he used to justify his decision to deny all my motions.

- Highlighting, the fact that I am unable to "perfect" any appeals, and point out any errors in law, that have been made by the Defs, this constitutes, yet another due process violation. I cannot fight what I cannot see.

- This matter has been before a Federal Court, and a NYS Supreme Court via Art. 78, with The Def received copies of my order to show cause, motions, Court pleading and letters regarding the violations and the 3 tickets and the only individuals that responded and opposed my efforts have been the private attorneys, The People and Def. were silent. There are no pleadings, responses, denials, objections on the record from the def's only the private attorneys.

- Def's The People, allowed the private attorneys of Garden City, and the accusing officer to act in the stead o The People of The State of New York, while during the entire 2 plus years, The People NEVER, spoke to represent The State and defend the charges by the accuser Officer Russel. No cases like this exist.

- Defendants have engaged in a conspiracy and violate my Federal and NYS Constitution rights and have violated every Amendment, every statute, every law, and every Court ruling in this Country that's has be written, and decided with the intent to protect me, of what CPL 30:30 now defines as an "offense" (traffic Violations). Note: this new Amended took place after I filed several complaints, Court pleadings and letters to political figures in Albany expressing to them that 30:30 exempting from speedy trial, unless a misdemeanor or felony is attached is not only unconstitutional, but it conflicts with NYSMVT Law which states a traffic violation must be treated as a misemeor, 90 days to bring an accuse to trial, The entire law(s) was a mess.

- I have a 7th grade education with a GED, I have never been to a law school; I have an old laptop, that will cut off if I move it a certain way, I have no attorney's assisting me, In fact over 30 attorney's that I've contacted have refused to assist me, one saying to me,      " Bro, not for nothing, but Garden City is not going to give you what I believe you certainly are entitled to,  good luck".

- I've contacted the Colleges that the Court referred me to, that are to assist Pro Se Plaintiffs, and I got no responses.

## Plaintiff's Personal Appeal to This Court

Without any assistance from any institutions, any person, any Judge, any lawyer, no formal education in law, without any clergy, and without any civil rights advocates; by God's grace, I was given the insight into the errors in the laws, and statutes. I have been given the ability to express it in pleadings, which may not be as eloquent as an attorney, but the ability to apply the laws to the facts.

I'm getting a bit emotional now, because as I stated to the private attorney when he asked during the 50h, "yes, as a child I was sexually and physical abused by a stranger who took me in his car to Coney Island board walk in his car and abused me on my way home from school and by a family member", at which time, he paused the hearing because I began to cry.

In 1981 at age 12, I was arrested and sent to Spofford Juvenile Detention, where I was abused by the counselors as they were called. In 1982, via PINS Petition, family court remanded me to the custody of

The Jewish Board of Family Services, where I was sent to a place in Staten Island for 6 weeks called Gellar House, where (and I remember his name to today) the recreation counselor Douglas would take me out, in the facility van, drive to the store, get him a beer, then drive me to a place in Staten Island called "snake hill", near some type of military base, give me drugs and fondle my penis and tell me that if I said anything, he would have me sent to a higher security facility called Mount Loretta, where me and the other youth were afraid to be sent to.

Over 30 year of drugs, arrest, parole violations, criminal behaviors, addictive behaviors, anti-social behaviors against society.

7 felony convictions, 4 different NYS prison bids, where I never had to file a single civil complaint, not to say I never saw them occur, yet 9 times out of 10, the inmate had some kind of part in the acts that led up to it, not saying it's right.

I came up under the Pataki and Guliani error when the State had 74 prisons, and I've been to over 30 of them, some twice, never have I experienced the civil rights violations in any of the prison, against me, like I have experienced in society since being released in 2014.

The def's had me running up to Central Islip to The Federal Clerk to deliver my filings, and the Pro Se / Clerk's waiting area was so quiet, until I sat in the chair and fell asleep as I waited for the summons' to be filed.

With what I have experienced since being released, I could not understand why for nearly an hour, I was the only person filing papers, because the civil rights violations against Black and Brown People in this jurisdiction is rampant, every time I went there, it was quiet and I was the only Plaintiff, that place should be packed.

When I come to the Court House, the guards always try to direct me to bankruptcy, like as if that's the only purpose a Blackman has for coming into the building, to a degree they are correct, I am bankrupted, not by choice, by the acts of the defendants.

To further the madness is that The Court Building has a large, picture of Guiliani in the museum, unbelievable.

I share this with the Court not looking for sympathy nor am I looking for a payday from the def's, through this experience I've accomplished something far greater, something that none of the defendant will ever have: I left a positive legal legacy, that will protect NYS motorist accused of traffic offenses for years after everyone that's reading this has gone.

Yes, def's and everyone, I fought and your family, your kids, their kids, kids to have due process protections under the NY's cpl amendment.

57 years old, did wrong for 2/3rds of my life, I am broke, my Wi-Fi and cable has been suspended because I can't pay it, bank account was negative until they finally closed it, I lost my home, had to sell my car, I'm have been on SNAP because I couldn't afford to buy food and I am looking at being homeless, because I am behind in my rent, all because of the def's interfering with my ability to be employed.

I did not start any of this, on 1/7/23, I was minding my business, traveling to see my son, then head to work as a concierge with Greystar Management, responsible for a 50 plus million-dollar, luxury, 200 family residential, building.

Yes, with 2 or 3, I lost count, felony burglary convictions, along with numerous drug convictions, and addictions and was placed in a position where I was responsible for the lives, safety, and security of rich folks and their families. I was working there for 2 years until Jan 2023, after the tickets. I was the only Black working at the location, and the residents loved, me I lost the job not by my own doings but of my supervisors, of which I am not allowed to disclose under an agreement.

In February 2014, I was released from a correctional facility 9 hours away, the bus arrived at 10:30PM in Hempstead and drop me off, in the cold.

I had no place to go and nobody to turn to, yet in spite of my situation, remained drug and crime free, I successfully completed parole, and within 2 years, I was working with the DA in New York County, that prosecuted me in 2013, as a counselor for EAC's diversion program, the same DA that wanted a hearing for persistent felony offender, with a 15 to life plea; the same DA that stated to the Court, "he can not live in society without violating the law", the same DA who 2 years later, it was me that was conducting toxicology testing for court mandated clients, from Federal and State jurisdictions and sending her the results.

It was me who had to have the courage and integrity to say "no" to clients, that knew me from the jails, prisons, shelters and street, and who used and would offer me hundreds of dollars to put my clean, urine inside the sample cup, and of 1 that was positive, I reported the results, he was sent to a higher level of care at an inpatient, I saw him years later and he thanked me, "Yo E, had you let me slide on that dirty, I would not be where I'm at today.. Thank you".

I say this because I worked very hard to change the narrative, and become a trusted and productive member of society, to obey the laws and law enforcement; and to avoid any contact with law enforcement.

Look at my driver's abstract, no tickets, no points, this matter messed my life up.

The private attorneys say I have a bad attitude, I'm aggressive, stay away from their office, amil the papers, I have every right to be, look at how my life has been set back 2 plus years because of this, I cannot get any of the years nor money I could have earned back.

There are people in the world who will do things, bad, things to a Black Man, things they know are not ethical, things that they know are immoral, things that affects are psy, or health our families our lives', they hide under their power, and invite others into the conspiracy, all of whom violate the oaths they swore to, and we try to get just according to how society says we must, yet when we do, the individual's and other who can do something about it, they turn their backs on you, then we react aggressively, they play victim, when in fact they are the victimizers, mind you it was them not the victim that started everything, I was minding my business on 1/7/23, Russell heard the music blasting and saw I was Black, and he is the victimizer and if I am wrong then why have I not been taken to the "trial" where I can question him under oath?

On 10/13/23, when I filed the 1983 claim in District Court, I named Nassau County as a defendant.

Thereafter, on12/2/2023 Nassau County Attorney Brian Mclaughlin sent me a subpoena for me to appear at a 50h hearing, or risk arrest and / or a fine.

I complied with the subpoena, went to the County Attorney's Office, sat patiently for about 10 minutes until the Clerk approached me asking me why was I here.

I explained to her I was there for the 50H hearing; I showed her the subpoena and while stuffing donuts in her mouth and drunk staging trying to talk, she tells me that she knows nothing about a 50h hearing, and the person I need to with is not there, there is no supervisor on, and that they are having a party in the back. And laughing running back and forth like she was crazy. (Note: And yes, I have the video of this as well). I exited humiliated, and informed the District Court of this.

I fulfilled my legal obligation to attend the County's 50h hearing which turned out to be a disco, and believe that I am entitled to the justice I have been so flagrantly denied by all.

The victimizers in this matter do not understand that I was had changed, I was not angry like this, and I am reacting to the continued oppression I've experience from every side.

A person that has never been the subject of this kind of oppression do not understand the battles I've fought, some of which were due to my own poor decision making, and whenever I did violate the law, I took responsibility, plead guilty and paid my debt, I am old school and I grew up on "don't do the crime, if you can't do the time", yet I will Never admit to something I did not do wrong.

Up until 1/7/25, my life was great, it was not like way it is now, even my marriage suffered, I have documented mental health records from my psy regarding how negatively this has affected me, and I've now been on medications that I have to take.

Not only have I left a legacy, but I also provoked changed after I previously pointed out in other filings and letters that Garden City PD has never had a Black police officer, and in November of 2024, they hired one.

The def's and the private attorneys have done a lot over sneaky, unhanded, unlawful shenanigans for the entire 2 plus years, this tells me 2 things:

1. That my claims have great merit

2. Unlike the defs and private attorney's I have followed the rules of litigation; thus, Eric Owens is actually a better, damn lawyer, that is not a lawyer than the def's and private attorneys, Shameful and should be a "shock the conscience" of any Judge.

Def's and the private attorneys have left negative precedents, including being the ONLY COURT in The entire U.S.A, to continuing to order an accused to trial, knowing they lack jurisdiction, that's their legacy, my legacy is that I have changed lives and laws:

## NYS CPL 30:30, now states:

(d) thirty days of the commencement of a criminal action wherein the defendant is accused of one or more offenses, at least one of which is a violation and none of which is a crime.

(e) for the purposes of this subdivision, the term offense shall include vehicle and traffic law infractions.

## _"Gottwald v Sebert 2023 NY Slip Op 03183 Decided on June 13, 2023 Court of Appeals_

The statutory privilege applies to "the publication of a fair and true report of any judicial proceeding" (Civil Rights Law § 74) where "the substance of the [statement is] substantially accurate" (Holy Spirit

Assn. for Unification of World Christianity v New York, 49 NY2d 63, 67 [1979]). This Court has excluded from the privilege's coverage statements made by those who "maliciously institute a judicial proceeding alleging false and defamatory charges" (Williams v Williams, 23 NY2d 592, 599 [1969])[FN4].

In *Altman v DiPreta*, 204 AD3d 965, 968-69 [2d Dept 2022], the court dismissed the cause of action brought under Judiciary Law Section 487, holding:

**Under Judiciary Law Section 487(1), an attorney who "[i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party" is liable to the injured party for treble damages. "Judiciary Law Section 487 'applies to an attorney acting in his or her capacity as an attorney, not to a party who is represented by counsel and who, incidentally, is an attorney' " (*Pinkesz Mut. Holdings, LLC v. Pinkesz*, 198 A.D.3d 693, 698, 156 N.Y.S.3d 216, quoting *Oakes v. Muka*, 56 A.D.3d 1057, 1058, 868 N.Y.S.2d 796). Here, the parties' evidentiary submissions demonstrated that the DiPreta defendants did not act in their capacities as attorneys when they allegedly made deceitful statements. Accordingly, the Supreme Court properly granted that branch of the DiPreta defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging violation of Judiciary Law Section 487 insofar as asserted against them by Charles (*see Smallwood v. Lupoli*, 107 A.D.3d 782, 784, 968 N.Y.S.2d 515; *Crown Assoc., Inc. v. Zot, LLC*, 83 A.D.3d 765, 768, 921 N.Y.S.2d 268; *Oakes v. Muka*, 56 A.D.3d at 1058, 868 N.Y.S.2d 796)".**

### General Municipal Law Section 374-A

"Traffic prosecutor" shall mean an attorney duly admitted to practice law in the state of New York who, having been appointed and either hired or retained pursuant to § 374 (Traffic prosecutor selection and oversight), has the responsibility of prosecuting any traffic and parking infractions returnable before the Nassau county district court or the Suffolk county district court or any traffic infractions returnable before the Buffalo city court pursuant to the jurisdictional limitations of § 371 (Jurisdiction and procedure). 2-a. "Traffic prosecutor" shall also mean an attorney duly admitted to practice law in the state of New York who, having been appointed and either hired or retained pursuant to § 374-B (Traffic prosecutor selection and oversight), has the responsibility of prosecuting any traffic infractions returnable before the Rochester city court pursuant to the jurisdictional limitations of § 371 (Jurisdiction and procedure).

**Defendants**, all of whom have offices located at 349 Stewart Avenue Village Hall Garden City, NY 11530 committed the acts dating back to January 7 2023, and they have continued with the acts reoccurring on March 10, 2025 with a continuous of April 8, 2025

- The def ordered me to court for "trial' on March 10, 2025 (2 years later), at 6PM, and when I appeared the def's committed the same, exact, unlawful acts and violations, that I complained of in my court filings, pleadings, and letters: **during my last Court appearance for "trial" on March 10, 2025, at 6pm, at Garden City Village Hall / Traffic Court, 349 Stewart Avenue 349 Stewart Avenue the Officer, The Defendants, and the private attorneys' who acted as prosecutors for 2 years, were not only not present on, but the Clerk, called me up and committed the same violation's that I complained of in my prior filing (Read the 3 tickets. Offered me a plea deal knowing they lack subject matter jurisdiction based on the locations the officer used stating he "observed me committing the alleged violations).**

- Def's did not stop there, they continue to harass and violate my rights by ordering me to 'trial' on April 8, 2025, **(See attached).**

### Back Story of Claim

1.      I Eric Owens, Plaintiff filed a claim on 10/13/23 complaining of the defendants: (23cv7730) The Incorporated Village of Garden City, Kenneth O. Jackson, Police Commission, GCPD and Russell Police Officer, Garden City Police (GCPD), Sergeant Punch, GCPD for violating my Federal, NYS Constitutional and Civil Rights. Such injuries began on the 7th day of January 2023, (and has continued), at 10:30 PM, beginning at Old Country Road, & Glen Cove Avenue, in Carle Place, NY, and continuing for 6.5 miles ending on Garden Place, Garden City, NY, when I was finally stopped by Garden City Police Officer John Russel who, unlawfully seized me for over 30 to 40 minutes and then taunted and continued to harass me by showing me the completed tickets and refusing to give them to me.

2.      The violation of my constitutional rights and the deprivations stemming from the 1/7/23 encounter with Officer Russell thereafter on March continued with Defendant Gregory (Def) who is employed as the Garden City traffic Court Clerk, he is a NYS employee and serving under The Unified Court System, Gregory also served

as Garden City Traffic Court Justice (a conflict), when he (Def 1) engaged in a conspiracy with others, and misused his position as Clerk to subvert the orderly, lawful process of adjudicating traffic tickets in violation of my First, Fifth, Sixth and Fourteenth Amendment, in violation of my NYS Constitutional Rights, in violations of every element of due process that an accused is afforded.

3.      I respectfully now turn the Court's attention to the direct violation, and the bias in GC Traffic Court and Def 1. On March 29, 2023, Plaintiff went to GCTC as per the 3 tickets and after being called up to the bench by the Court Clerk Greg. Greg: You want to plead guilty? "No. I'd like to go to trial". G: "Trial! These tickets are a lot of points". (A Violation, Bias).

4.      Greg read the tickets and deposition right in front of me, he is trained in law and clearly saw that the address 2 of the 3-tickets state that the violation(s) allegedly occurred at Old Country Road, and that anything on or near Old Country rd. is not GCTC's jurisdiction, its Carle Place, NY ( Nassau County), yet Greg was willingly to encourage me to take a guilty plea and pay a fine, while trying to persuade me not to go to trial on the alleged 3 traffic violations. It was at that time 3/29/23, that the Plaintiff gave Greg (GCTC Supervising Court Clerk) the 1st motion to dismiss, and a motion requesting a speedy trial, and for discovery.

5.      Between 3/2023 and up until 1/2025 I've spoken with Greg or someone at his office and asked about the discovery that I demanded and a trial date, I continued to get the same answer" no trial date yet". Greg stated that he had no discovery that he sent me the 911 recording from when I had to called the police on Officer Russell and the other officers, because they were refusing to allow me to leave.

6.      For over a year and a half I continued to ask for discovery: the officer notes, of his training with regards to pacing vehicles and continued to get nothing. Greg stated that I must get it from the GCPD.

7.      During one phone call Greg informed me that he been over to the GCPD and they wouldn't give him anything.

8.      I explained to Greg that he was the Clerk; he's supposed to be neutral, the prosecution not him should not be dealing with the police regarding my discovery.

9.      Each time I called Greg, from March 2023 Until September 2023, Greg would ask me what it was that I wanted, and I would have to say, "Greg, I keep putting everything in the motions, are you reading them?

10.   Greg continued to ask me what I was asking in my motions and then I would have to explain to him which told me he never read any of them.

11.   In September of 2023, I spoke with a Clerk that stated my trial was scheduled for August 2023, but the was an error with communicating it me and that they would call me with a new trial date. I asked her about the discovery, and she said Greg would have to call me.

12.   Later that day Greg called me and informed me that my trial was set for October 23, 2023, at 6:00 PM.

13.   I again asked Greg about the discovery and once again he referred me to the GCPD.
I asked about who the prosecution was and why they aren't handling this, and he had no answers.

14.   On 10/3/23, before 10/23/23 the trial date, I again personally hand delivered to Greg and The People a motion to dismiss, and a motion for discovery, and again I received no answer to the motions.

15. In an effort to obtain discovery on my own, prior to trial, on October 2, 2023 I personally delivered a FOIL request to the GCPD.

16. On October 17, 2023, I received an email from the GCPD FOIL Officer stating that my request was denied was I unlawfully denied the request, but I was denied via email, no reason (s) why I was denied and no information on who can I appeal to as required by law; just a "have a great day."

17. On October 23, 2023, at 10 AM, the morning of the trial, I called the GCTC and asked once again about the discovery. I spoke with a GCTC clerk name Carrie, who told me that "only Greg" can give me discovery, and that I must wait until he comes in at 3 PM.

18. I explained to her that I'm scheduled for trial today at 6 PM, is there anyone that I can speak with, is there a prosecutor? The Clerk stated that "only Greg can help me", he's the supervisor, and she'll have him call me. On the same day, 10/23/23, at 3:15 PM, as I was calling Greg, he called me and again asked me what discovery, forcing me to have no choice but to agree to another adjournment for trial.

19. Between 10/23/23 and 8/8/24, I spoke with Greg who told me that there was no trial date yet, he has no discovery, and that he did not know the name of the prosecutor  and that he knew nothing about the motions that I gave to GCTC nor can I get any discovery because everything is in Federal Court and that they don't have an attorney there that deals with Federal Court (which made no sense).

20. On August 8 2024, (9 months passing), petitioner received a letter from GCTC stating that I was scheduled for trial **on August 12, 2024 at 8PM, 19 months after the 3 tickets were issued, 18 months from the time that I submitted to Greg the clerk my 1st and 2nd 3rd and 4th  motion to dismiss due to the GCTC's Lack of Subject Matter Jurisdiction, speedy trial violations and other constitutional violations; along with motion's requesting discovery.**

21. I still had not received any of the discovery I requested for the August 8 2024 trial, and to further the bias, the respondent gave the me only 7 days prior notice, with a 5-day period within the 7 days to write the court to request an adjournment which gave me no time to request an adjournment because I had to go to a funeral that evening.

22. I have personally submitted over 6 motions to GCTC and gave copies for the People of The State of New York.

23. The People of The State of New York and Has never answered not one of my motions (2 years, 2 months).

24. The Garden City Traffic Court Judge (Def #2), never responded for over 2 years (he was silent the entire 2 plus years) until **after February 7, 2025 (date of art 78 hearing see paragraph 29);** when according to def 2, he reviewed my motions and the People of The State of New York's response in opposition to my motions, on January 30, 2025 (2 plus years later) and that my motions were denied. (Which is where def 2 entered into the conspric Although def 2 failure to act began 2 years prior by failing to dismiss and / or answer my motions and / or have the trial, his official misconduct, abuse of power and authority, and obstruction of justice manifested itself in his 1/30/25 decision and order.

25. Pursuant to the Federal Court decision and order, on January 2, 2025 (2 years later) I file an Art. 78 in Nassau County Supreme Court requesting the Court to order I be taken to trial or dismiss the 3 tickets.

26. The People and def 3 was served the Order to Show Cause and the art. 78 petition via my wife, who gave the 2 copies to the Garden City Town Clerk.

27. The People / def 2 never responded to the Art. 78, neither in writing nor by appearance.

28. The People / def 3 at no time opposed to my petition, they never denied the constitutional violations expressed in the art 78, nor did they or anyone with the legal responsibility and authority, ever responded nor appeared before Judge Gary for the art. 78 hearing. (however, the private attorney, once again exceeding his / her authority did, see paragraph 29).

29. On February 7, 2025, a hearing was held for the Art 78, before Judge Gary Carlton at which time the defendants never sent any response as The Court noted on the record.

30. **Instead of The People of the State of New York**, the personal / private, attorney from Sokoloff and Stern Law Firm, who is defending Officer Russell, The City  Garden City, Garden City Police Commissioner and a Sargent in the federal case I filed (23cv7730), stood in front of the Court **(in the stead of the State )** and verbally objected to my Art. 78, she  also submitted a motion in opposition to my Art. 78 to Judge Gary,  written ( not by the People or any of the defendants herein) but by the personal attorneys.

31. In the private / personal attorney's such motion was a request to Judge Gary fora future date in March 2025 so they (the private, personal attorney) can to be heard to have my petition "dismissed". (Due Process violation, conflict of interest, misconduct and obstruction of justice).

32. What makes the private attorney's interference with the lawful process even more egregious is that the private attorneys knew (since the 10/2023 filing where they gave they submitted attorney of record in defense of Officer

Russell, the GC Police Comm, The incorporated Village and the Sargent) that Garden City lacked subject matter jurisdiction,  and that there were serious due process violations, yet they still stood there, in front of Judge Gary, in place of the People and obstructed justice all for the benefit of the clients' they are representing in the federal civil suit.)

33. On the record the Court noted that The People of The State of New York never responded and are not present.

34. The Court asked the attorney from Sokoloff and Stern "has a trial date been set"?

35. The Private Attorney: "I don't know". **(Note: It's my position that the reason why she didn't know was because legally she was not supposed to be there, acting as the State in the first place).**

36. Court: "I do not like the fact that you come here without that information for me"

37. Court: "he has motions pending "?

38. Attorney: "Yes". **(Note: It is my position that the private attorney knew that the motions were still pending, yet had no information on a trial date, had the motion been answered, as stated by the defendants on January 30, 2025, she would have known that as well).**

39. Court: "I'm going to order him to trial".

40. Thereafter Judge Gary submitted his written decision which was consistent with what he said on record.

41. On February 11, 2025, I called the Nassau County Clerks, office requesting a copy of the 2/7/25 decision, at which time the Clerk informed me that Judge Gary took back the 1st (original decision), to edit it.

42. After asking her why is Judge Gary editing his decision? She stated, "the only thing he's Changning is the sequence number from 1 to 2.

43. However, what I later discovered was that Judge Gary withdrew his initials decision in favor of my Art. 78 after, according to the Judges edited version of his ruling ( which I obtained later and is marked as "sequence 2", meaning this was the 2nd decision after his 1st  decision which was in my favor).

44. Judge Gary's edited (seq # 2) decision mooted my art 78, after he stated he was just advised that my motions were answered.

45. Prior to that, the def 2, and The People def 3 were silent.

   a.   I was never made aware by the People nor by def 2 and 3 that the motions were answered and decided

until after someone from the defendant's side, went to Judge Gary "ex parte" and told him the motions were answered and denied on 1/30/25

b. I had a right to have been notified, and have been afforded an opportunity to review the People's opposition for appeal purposes, I have never been afforded this opportunity and at the time of this writing, I still have not seen the Peoples' opposition to my motions.

c. The People and def # 3 waited 2 years to answer the motions and they only did so when they were informed that Judge Gary was not happy, and that he was ruling in my favor.

d. The def's herein not only lost personal and subject matter jurisdiction due to speedy trial, failing to prosecute, along with the other constitutional violations, <u>BUT NONE OF THE DEFENDANTS EVER HAVE SUBJECT MATTER JURISDICTION , NOT THEN,  AND 2 PLUS YEARS LATER NOT NOW,</u> because the addresses that Officer Russel pulled out the air and stated he "observed" the violations and that he swore to in his deposition **IS NOT GARDEN CITY, IT'S CARLE PALCE, NEW YORK AND UNDER THE JURISDICTION OF NASSAU COUNTY POLICE FOR TRAFFIC ENFORCEMENT**.

e. In spite of the defendants, and the federal court and the State Supreme Court hearing the art. 78 and the private attorney's being made aware of this in my letters, motions and in all my pleadings, the defendants and the private attorneys' who became the prosecutors and were allowed to exceed their authority; ignored the defects and continued to harass me and violate my rights by not dismissing the tickets, by blocking the federal and state court from administering the appropriate justice in regards to the defects. **(AND THEY DIDN'T STOP THERE).**

46. Thereafter I received yet another letter from GCTC and the defendants informing me my trial was set for 3/10/2025. (2 years plus)

47. On 3/10/2025, I appeared to GCTC, prepared for trial and to question Officer Russell while he's under oath, not only were the was Justice Allen, Officer Russell and The People of The State of New York not there for trial, but the GCTC Clerk called me up, read the tickets and offered me a plea. **(The same exact violation of Gregory committed against me 2 years ago).**

48. I informed him that I was here for trial, I also stated to the clerk, "you just read the tickets, you see the address and the date, you see I am here for trial (as ordered by The People / def) and that nobody is here, yet you're going to further my due process rights, are you serious"?

49. In fact, on 3/10/25 at my appearance, The Clerk that called me up and violated my rights once again had no clue what was going on and nobody was there to inform him, not The Defendants, not the cop, everyone there had no clue. (3/10/25 appearance was recorded via cell phone).

50. The defendants once again failed to afford me due process, in fact the 3/10/25 appearance and the events were an exact repeat of my 1st encounter with Greg 2 years age when I went to GCTC for arraignment. Greg read the tickets and offered me a plea, knowing the GCTC lacks subject matter jurisdiction.

51. Since March 2023, after arraignment and giving the first motions, up until the last motion dated February 2025, I have submitted motions to dismiss due to lack of subject matter jurisdiction and other constitutional violations, 3 speedy trial requests, I filed a Federal Civil Rights Claim, I filed a motion to dismiss the 3 tickets in Federal Court in which was denied, and I was ordered to pursue the Art. 78

52. I filed the Art. 78 and received no justice, in fact I was further violated by Judge Gary when he not only permitted the private attorneys to move in excess of their authority, but so when he allowed an ex parte communication from the other side, days later, outside of my presences and without my knowledge "advising" him the Court, the my motions were answered by the def 2 and denied on 1/30/25 after he read The People's opposition, **a clear contradiction to what the private attorney, (who was exceed her / their authority) stated on the record on 2/7/2025, that the motions were not answered.**

53. Judge Gary further the violations against me when after the ex parte communication, he edited his original decision and mooted my art 78, favoring the private attorney and whoever it was from the other side that "advised......" him days later.

54. Judge Gary mooted my petition because he stated the motions were answered, yet I never petitioned his Court to have the motions answered, I petitioned seeking dismissal as relief due to the defects and the other violations, his decision made no sense, and causes an appearance of bias.

55. The defendants were aware that the private attorneys were acting as defense counsel and as the prosecution,

and the defendants did nothing to intervene nor to protect the integrity of the process.

56. The defendants were made aware of the due process violations and the negative effects that it's been having on my ability to become gainfully employed.

57. Attorney General for The State of New York, Letitia James, the private attorney's, The Village of Garden City, and the defendants were made aware of the violations on November 27, 2023 and did nothing.

58. The defendants and the private attorneys were also made aware of the violations (prior to 11/27/2023) in my court filings, motions and letters, and did nothing.

59. Letita James' assist AG Mrs. Kim was made aware via telephone conversations and emails, she not only did not do anything to investigate after I filed a formal complaint, but she never moved to contact me regarding anything to do with her investigation, nor to inform me of her findings.

60. There are no records by the def. that would show an investigation was done.

61. Assistant Attorney General Mihi Kim was also made aware of the violations and via email informed me that she would be opening an investigation into Officer Russell and the tickets.

62. After about 4 months, I heard nothing back from AAG Kim, so I emailed her, at which time she told me that she investigated and see nothing wrong.

63. I then requested via FOIL, AAG Kim to please forward to me all records related to her investigation and she never responded.

64. I then sent a FOIL to The NYSAG Office via email as per their procedure, requesting any information and documentation related to the AAG Kim's investigation.

65. I received an email back stating no such records or documents from AAG Kim exist.

66. During my most recent appearance at GCTC on 3/10/2025, I was taken into a Court room where I told by a Village Justice that he's not the Judge over the 3 tickets and that I will appear before the Justice assigned on May 10, 2025.

67. I stated my objections on record, "Officer Russell once again has shown up, this Court lacks subject matter jurisdiction, the People of The State of New York is not doing nor saying anything regarding these tickets and it's been over 2 years, I cannot get a job because of this, someone needs to do something'.

68. The Justice stated again "I am not the Judge over this", your new trial date is May 10, 2025"

69. Thereafter I received a letter from the defendants informing me my trial is now set for 4/8/2025. (2 years 3 months after receiving the tickets and repeatedly requesting to the defendants that I be afforded a speedy trial, after all the letters, pleadings and motions requesting dismissal, and motions requesting discovery).

70. Again, the defendants continue to subject me to harassment by ordering me to "trial". and lack all jurisdiction.

71. **There is no Court in America: not the U.S Supreme Court, Not Federal Appellate or District Courts, not State Court's at any level would continuously, keep ordering, an accused to trial knowing full well they lack subject matter and / or personal jurisdiction.**

72. I informed the defendants via motions and Court pleadings that their failure to provide me with due process is interfering with my "liberty" and has place me in debt, causing me to have to sell my car, lose my home, become food insecure and having to receive SNAP benefits.

73. It has interfered with my mental and emotion health and has prevented me from becoming employed in my desired career choice: driving.

74. Because of the 3 pending tickets, I have been denied well over 100 career opportunities from bus driver to even food delivery and ride share careers, because when the employer's ask's me "do you have any pending tickets?" and I tell them yes and name the 3 tickets, I instantly become rejected; and told to come back "after the tickets are resolved".

75. An employer requires an applicant's DL to be in "good standing', any because I have these 3 pending tickets, the employers' insurance company will not insure me; I have been considered " a potential risk / liability", and I made the defendants aware of all of this and they did nothing, they remained silent, the only ones that defended the tickets, and the acted as the defendants were the private attorneys 'and the defendants allowed it, knowing that a serious conflict exit with the private attorney acting in excess of his duty to only defend his client and not continue to allow my rights to be violated.

76. I have applied and have been denied over 100 employment opportuniys: ride share, delivery, bus driver, cab driver (I have a E class DL), Amazon, because they require a DL to be in "good standing", meaning no pending traffic offenses.

77. In January of 2024, I applied for a maintenance position with The City of Glen Cove'ss Public Housing Complex called Glen Cove Gardens.

78. On the application and during the interview I was asked if I had any pending traffic summon's, I was honest and stated "yes".

79. I was denied full time employment because of the pending tickets as the positions reqfy'uires driving the City's Vehicles.

80. Had I been dishonest, and got employed, then 1 year 2 years later Garden City with their unlawful practices convicted me, and I receive point or suspension, then that information gets reported to DMV, DMV notifies the employers insurance and I would get terminated not only for old traffic tickets, but for lying that they were even pending.

81. The def's literally black balled me from obtaing any employment that requires a DL in "good standing", without due process.

82. The defendants were made aware in all my pleadings that CPL 30:30 exempting traffic violations is unconstitutional because it allows the defendants to violate an accuses due process rights, and also interferes with an accuses' liberty; I even cited, to the defendants the following U.S. Supreme Court ruling in support of my pleadings:

"The term **"liberty"** appears in the due process clauses of both the Fifth and Fourteenth Amendments of the Constitution. As used in the Constitution, liberty means freedom from arbitrary and unreasonable restraint upon an individual. Freedom from restraint refers to more than just physical restraint, but also the freedom to act according to one's own will. On numerous occasions the Supreme Court has sought to explain what liberty means and what it encompasses. For example,":

83. The Supreme Court in *Meyer v. Nebraska* stated "[liberty] denotes not merely freedom from bodily

restraint but also the right of the individual to contract, to engage in any of the common occupations of life, to acquire useful knowledge, to marry, establish a home and bring up children, to worship God according to the dictates of his own conscience, and generally to enjoy those privileges long recognized at common law as essential to the orderly pursuit of happiness by free men."

84. In *Bolling v. Sharpe*, the Supreme Court stated "[liberty] is not confined to mere freedom from bodily restraint. Liberty under law extends to the full range of conduct which the individual is free to pursue, and it cannot be restricted except for a proper governmental objective."

85. In *Ingraham v. Wright*, the Supreme Court stated liberty includes "freedom from bodily restraint and punishment" and "a right to be free from and to obtain judicial relief, for unjustified intrusions on personal security."

86. I also stated in my pleadings to the defendants that even a NYS Supreme Court Judge in so many words states that it's unconstitutional:

**Judge Farber:** *"The failure to include a statutory speedy trial requirement for traffic infractions appears to be a legislative oversight (see, People u Heller, 4/14/2000 NYLJ 33, col. 5 [Crim Ct, Richmond Co, Garrett, JJ [suggesting that 'Ttlhe Legislature should address this apparent statutory oversight by providing a period in which the prosecution must announce trial readiness in Driving While Impaired cases. * * * However, with no statutory limit in CPL 30.30, these cases remain unresolved until the delay becomes so egregious, as in this case, that a court will grant dismissal under other statutory and constitutional provisions"l). "The PEOPLE of the State of New York, v. Teresa PERKINS, Defendant" also see People v. Heller, Criminal court Richmond County".*

87. Since I complained to many NYS Politian's via writing and emails, that NYS CPL 30:30 exemption traffic violations for speedy trial was unconstitutional, and that as a result of The State's negligence with providing a motorist accused of traffic violations (me) with constitutional protections, along with the conflict the Statute has with prior court decisions along with the conflict it has with NYS Motor Vehicle Laws for Traffic Courts the Statute was recently, quietly Amended to include Traffic Violations, and as such I also declare that the Statute is retroactive and makes for yet another reason that the defendants lack not just subject matter but also personal jurisdiction.

**NY VTL § 155** holds that "violations shall be deemed misdemeanors and all provisions of law relating to misdemeanors...except as herein otherwise expressly provided shall apply except that no jury trial shall be allowed for traffic infractions." In other words, while a traffic violation is NOT a criminal matter, for all procedural purposes it must be treated like a misdemeanor.

The speedy trial provisions for misdemeanors is contained in NY VTL § 30.30(b), which holds that for a trial to be timely it must be held within "ninety days of the commencement of a criminal action wherein a defendant is accused of one or more offenses, at least one of which is a misdemeanor *punishable by a sentence of imprisonment of more than three months.*" This creates a problem for traffic infractions, because while a defendant can get sentenced to jail for a traffic violation, the sentences are rarely authorized for more than 3 months.

This means that speedy trial goes back to the catch-all under CPL § 30.20, "After a criminal action is commenced, the defendant is entitled to a speedy trial."  However, how long of a time is it deemed to be "speedy?"

88. For that we have to look at case law. Case law is what judges have determined the laws to be when statutes are silent on the issue and it requires interpretation of statutory intent.

89. Numerous New York court cases have held that the speedy trial provision found in ***CPL § 30.20*** applies to traffic violation cases. The question becomes therefore, what is considered an acceptable time frame within which one charged with a New York traffic violation must be brought to trial in light of ***CPL § 30.20?*** Two years seems to be the limit.

90. The lead case in this area is ***People v. Thorpe, 160 Misc.2d 558, 613 N.Y.S.2d 795 (App. Term 2nd Dept. 1994).***

91. In Thorpe the court reversed a trial court's decision denying an oral application to dismiss on the grounds of violation of the right to a speedy trial. The court held that **"the constitutional right to a speedy trial applies to all prosecutions," and that "an unexplained delay of over two years in bringing a simple traffic infraction**

92. Again, the defendant remained silent, and did nothing to prosecute the 3 tickets.

93. Again, in the stead of the defendants, the private attorneys' submitted oppositions to my pleadings meant for the defendants, while the defendant did nothing and allowed the private attorney to continue to act as the People; to make matters worse is that the private attorneys are the only ones who fought my efforts foe justice at the different Courts, and the attorney's won, defeating all my efforts, yet the private attorneys who defended

the tickets and opposed my efforts were not present at my 3/10/2025 appearance, nor did the even inform their clients who they are defending that the need to get me to trial. **This is the only time the private attorneys are silent. Put me back at square 1 and just leave me there.**

94. The defendants have offered not 1 single reason as to the unreasonable delay's and because of the defendants and the private attorney, my 3 traffic tickets are now the longest, pending, unadjudicated traffic tickets in the history of GCTC, in the history of Nassau County Traffic Court, in the history of traffic courts in the State of New York and in the history of the entire United States, I did the research.

95. As to the date of this writing, GCTC still has not adjudicated / dismissed the 3 tickets.

96. In spite of the defendants knowing they lack jurisdiction, and knowing the other violations have continued to harass me by ordering me to court for trial on 4/8/2025

97. For 2 years and over 2 months now, The People of the State of New York moved to prosecute the 3 pending tickets.

**(Stilled Video: Officer John Russelle intentionally showing Plaintiff that the tickets were completed, then him putting them down ignoring Plaintiff's cries to "please give the tickets and my lisence so I can leave. January 7 2023)**

  

**Note: Once again officer Russell places himself and his colleagues in a very bad position, by knowing I was very upset, and angry, it was very dark, I knew he was following me, I knew he was profiling and harassing me, yet I was able to step out my car, walk pass the other cops and sgt punch, right up to Russell's p/s window, nobody stopped me nobody searched me. Had I been a different person with no**

restraint, add to the fact he was taunting me with the tickets and not giving them and my DL to me, and turning his head ignoring me.

Look at the picture of him turning his head, and his sergeant, who I called over to telling him to please tell his officer to give the tickets and my DL so that I can leave, stood there laughing.

Every time I review this I get upset, not only because of what he was doing to me but because he placed himself in a position where had it been an armed, person in that position that had no chill, he could have got his face and brains blew out.

Mind you, in spite of my feelings, I still have a sense of compassion for him and his family with his recklessness, because he could have been killed that night and when I look at the picture and think about some of the guy's I know that would have reacted, I feel bad for Russell's family, because Russell has no idea what he's doing

This officer is playing nah, nah, nah with tickets, a rationale person can believe that such a person / cop should not have a gun, there is no telling what he may do. Respectfully.

Eric Owens January 7, 2023, during the unlawful, encounter with Officer Russelle, Sgt Punch standing there doing nothing to stop Russell, other GCP surrounding me like thugs.





98. Officer Russell is no stranger to racial profiling Black Men.

# Garden City to pay man who alleged racial profiling the retired Nassau County correction officer, who said village police officers violated his civil rights at a grocery store, will receive $150,000.



In 2016, Ronald Lanier, a retired black Nassau County correction officer, was allegedly assaulted by two white Garden City police officers, George Byrd and John Russell, who mistakenly took him for a black man who had allegedly shoplifted purse from a village store.

99. Officer Russell was allowed to patrol an area of Garden City, known to have Black and Brown motorist that travel to and from Hempstead to Roosevelt Field Mall, at night without any supervision, without and body cam and without any patrol car camera, a recipe for diester and that's exactly why 2 plus years later I am still dealing with this.

100.. Negligence misconduct and corruption at its best.

101.. I have 2 years plus of emails sent to the private attorneys regarding them acting as the People and blocking all my efforts for justice, playing counsel for defendants, The People, the judge and jury (in his pleading to the federal court the private attorney stated I committed those violations, continued to block my efforts for dismissal and forced me right back to square 1.

102.There is no way that I can obtain fair justice, because Justice Allen / def 3, has a long-standing stake in the people involved, he was elected by the city (defendants in my civil case) and his bias is clear as day.

103.. Prior to Justice Allen, Defendant Gregory was the Garden City Justice, and he currently serves as The Clerk for Justice Allen (conflicts of interest) which also explains his bias, obstruction and misconduct.

104.. There are far too many conflicts of interest on behalf of the defendants and as a result, here we are.

**It is my position that the allegations are not conclusory, because the facts along with the unreasonable delay, along with the employment denials, along with all the lost I have suffered as a result speaks for itself.**

100... Every defendant, every Court that I contacted was made aware of what was happening and how it was affecting my "liberty", in fact I have a copy of an email with def Gregory from 1 year age telling him, that my rights are being violated, I was respectful and told him, "You're going to lose your qualified immunity" because the way he and others obstructing.

105...My question is how can a Federal Court find that the due process rights of non-citizen, some that are violent gang member were violated by deporting them without due process, yet our own back yard (in my case "hands") are dirty.

106. I cannot become employed, I lost my house, moved into an apartment and I'm now about to be evicted due to unpaid, back rent. My WIFI and cable has been suspended because I cannot pay the bill, I had to sell my car and get SNAP benefits and had my gas, lights and utility shut off because of the defendants interfering with my ability to generate an income.

107. The behavior and conduct of the defendants and others involved goes against the oath that they swore to

and is criminal and subject to indictment and prosecution.

108. A notice of intention to file suit against the State of NY for the acts of its employees will be filed April 1, 2025 with NYS Court of Claims.

# Legal Authority's

## "§241. Conspiracy against rights

- 18 U.S.C. § 241 (2022) If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or

- The District Court sustained the conspiracy count against a motion to dismiss, and sustained the substantive counts as to the three official defendants. It dismissed the substantive counts as to the 15 private defendants on the ground that, although the indictment alleged that they had acted "under color" of law, it did not allege that they were acting as officers of the State.

- Section 242 defines a misdemeanor, punishable by fine of not more than $1,000 or imprisonment for not more than one year, or both. So far as here significant, it provides punishment for

- "Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any inhabitant of any State . . . to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States. . .." United States v. Price, 383 U.S. 787 (1966).

*Analysis:*

By statute and constitutional law, New York guarantees criminal defendants the right to a speedy trial and prompt prosecution (*see People v Staley*, 41 NY2d 789, 791; *People v Vernace*, 96 NY2d 886, 887 [2001]; NY Const Art I, § 6; CPL § 30.20). "[T]he State due process requirement of a prompt prosecution is broader than . . . the Sixth Amendment . . . . [and] [i]n some respects the State rule is less rigid in its application than the right to due process recognized under the Federal Constitution" (*Singer*, 44 NY2d 241, 253). This Court has "long held that unreasonable delay in prosecuting a defendant constitutes a denial of due process of law," and that "[a]n untimely prosecution may be subject to dismissal even though, in the interim, defendant was not formally accused, restrained or incarcerated for the offense" (*see Singer*, 44 NY2d at 253 [internal quotation marks omitted]). "[T]he Court of Appeals has never drawn a fine distinction between due process violations based on delay in commencing prosecution and speedy trial violations," and "the factors utilized to determine if a defendant's rights have been abridged are the same whether the right asserted is a speedy trial right or the due process right to prompt prosecution" (*People v Wiggins*, 31 NY3d 1, 12 [2018] [internal quotation marks omitted]). Those factors are:

"(1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay"(*Wiggins*, 31 NY3d at 9-10, quoting *People v Taranovich*, 37 NY2d 442, 445 [1975]). " '[N]o one factor or combination of the factors . . . is necessarily decisive or determinative of the [prompt prosecution] claim, but rather the particular case must be considered in light of all the factors as they apply to it' " (*Wiggins*, 31 NY3d at 10, quoting *Taranovich*, 37 NY2d at 445).

### *Analysis Under The Taranovich Factors*:

Applying the *Taranovich* factors to this case, the delay was considerable. Although "there is no specific length of time that automatically results in a due process violation," longer delays are more likely to inflict greater harms (*People v Johnson*, 39 NY3d 92, 97 [2022], citing *Taranovich*, 37 NY2d at 445-446; *see also People v Cousart*, 58 NY2d 62, 68 [1982] [citing *Singer*

### The Procedure That Is Due Process

*"The Interests Protected: "Life, Liberty and Property".* — The language of the Fourteenth Amendment requires the provision of due process when an interest in one's "life, liberty or property" is threatened.

*The Requirements of Due Process.*—Although due process tolerates variances in procedure "appropriate to the nature of the case,"[751] it is nonetheless possible to identify its core goals and requirements. First, "[p]rocedural due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property." Thus, the

required elements of due process are those that "minimize substantively unfair or mistaken deprivations" by enabling persons to contest the basis upon which a state proposes to deprive them of protected interests. The core of these requirements is notice and a hearing before an impartial tribunal. Due process may also require an opportunity for confrontation and cross-examination, and for discovery; that a decision be made based on the record, and that a party be allowed to be represented by counsel.

(1) Notice. "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." This may include an obligation, upon learning that an attempt at notice has failed, to take "reasonable followup measures" that may be available. In addition, notice must be sufficient to enable the recipient to determine what is being proposed and what he must do to prevent the deprivation of his interest. Ordinarily, service of the notice must be reasonably structured to assure that the person to whom it is directed receives it. Such notice, however, need not describe the legal procedures necessary to protect one's interest if such procedures are otherwise set out in published, generally available public sources.

(2) Hearing. "[S]ome form of hearing is required before an individual is finally deprived of a property [or liberty] interest." This right is a "basic aspect of the duty of government to follow a fair process of decision making when it acts to deprive a person of his possessions. The purpose of this requirement is not only to ensure abstract fair play to the individual. Its purpose, more particularly, is to protect his use and possession of property from arbitrary encroachment...." Thus, the notice of hearing and the opportunity to be heard "must be granted at a meaningful time and in a meaningful manner."

(3) Impartial Tribunal. Just as in criminal and quasi-criminal cases, an impartial decisionmaker is an essential right in civil proceedings as well. "The neutrality requirement helps to guarantee that life, liberty, or property will not be taken on the basis of an erroneous or distorted conception of the facts or the law. . . . At the same time, it preserves both the appearance and reality of fairness . . . by ensuring that no person will be deprived of his interests in the absence of a proceeding in which he may present his case with assurance that the arbiter is not predisposed to find against him."

There is, however, a "presumption of honesty and integrity in those serving as adjudicators,"[766] so that the burden is on the objecting party to show a conflict of interest or some other specific reason for disqualification of a specific officer or for disapproval of the system".

## Defendant Are Not Entitled to Qualified Immunity.

Official immunity is a defense that can be asserted by a county official or employee who is sued in his or her individual capacity

Official immunity, however, is not an absolute defense; it is available only for discretionary duties performed in a no malicious manner.[6] If the duty did not require a discretionary judgment call but instead required the county official to act in a clear, direct, and readily apparent manner, it is called a ministerial duty, and there is no immunity from liability if a jury determines that the act or omission was performed in a negligent way.

The test for qualified immunity is whether a reasonable official who possesses the same knowledge as the official who is on trial would have known that his or her conduct violated the "clearly established" rights of the plaintiff there must be proof of an intentional act or at least gross negligence or recklessness.

The typical case arises when someone is hurt because a county official performed an act in a negligent manner or failed to act in a reasonable manner.

1. "Qualified Immunity "[G]overnment officials performing discretionary functions [are entitled to] a qualified immunity, shielding them from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." Anderson v. Creighton, 483 U.S. 635, 638 (1987) (citations omitted); see also Krainski v. Nevada ex. Rel. Bd. of Regents, 616 F.3d 963, 968 (9th Cir. 2010); Richardson v. McKnight, 521 U.S. 399, 407-08 (1997); Sorrels v. McKee, 290 F.3d 965, 969 (9th Cir. 2002). 33 Qualified immunity is only immunity from suit for damages, it is not an immunity from suit for declaratory or injunctive relief. See L.A. Police Protective League v. Gates, 995 F.2d 1469, 1472 (9th Cir. 1993); Am. Fire, Theft & Collision Managers, Inc. v. Gillespie, 932 F.2d 816, 818 (9th Cir. 1991). a. Basic Principles (1) Eligibility The Supreme Court has set forth a two-part analysis for resolving government officials' qualified immunity claims. See Saucier v. Katz, 533 U.S. 194, 201 (2001),

2. The Supreme Court has set forth a two-part analysis for resolving government officials' qualified immunity claims. See Saucier v. Katz, 533 U.S. 194, 201 (2001), overruled in part on other grounds by Pearson v. Callahan, 555 U.S. 223, 236 (2009). First, the court must consider whether the facts "[t]aken in the light most favorable to the party asserting the injury . . . show [that] the [defendant's] conduct violated a constitutional right[.]" Saucier, 533 U.S. at 201; see also Scott v. Harris, 550 U.S. 372, 377 (2007); Brosseau v. Haugen, 543 U.S. 194, 197 (2004) (per curiam); Hope v. Pelzer, 536 U.S. 730, 736 (2002); Inouye v. Kemna, 504 F.3d 705, 712 (9th Cir. 2007); Kennedy v. City of Ridgefield, 439 F.3d 1055, 1060 (9th Cir. 2006); Estate of Ford v. Ramirez-Palmer, 301 F.3d 1043, 1050 (9th Cir. 2002); Sorrels v. McKee, 290 F.3d 965, 969 (9th Cir. 2002). Second, the court must determine whether the right was clearly established at the time of the alleged violation. Saucier, 533 U.S. at 201; Scott, 550 U.S. at 377; Brosseau, 543 U.S. at 199-201; Hope, 536 U.S. at 739; Garcia v. County of Merced, 639 F.3d 1206, 1208 (9th Cir. 2011); Rodis v. City & County of San Francisco, 558 F.3d 964, 968 (9th Cir. 2009); Inouye, 504 F.3d at 712; Kennedy, 439 F.3d at 1060; Estate of Ford, 301 F.3d at 1050; Sorrels, 290 F.3d at 969. Even if the violated right was clearly established at the time of the violation, it may be "difficult for [the defendant] to determine how the relevant legal doctrine . . . will apply to the factual situation the [defendant] confronts. . . . [Therefore, i]f the [defendant's] mistake as to what the law requires is

reasonable . . . the [defendant] is entitled to the immunity defense." Saucier, 533 U.S. at 205; Kennedy, 439 F.3d at 1061; Estate of Ford, 301 F.3d at 1050; cf. Inouye, 504 F.3d at 712 n.6 (explaining that the inquiry into the reasonableness of the defendant's mistake is not the "third" step in the Saucier analysis, but rather, is part of the second step of Saucier's two-step analysis).

3. "The reasonableness inquiry is objective, evaluating 'whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.'" Huff v. City of Burbank, 632 F.3d 539, 549 (9th Cir. 2011) (quoting Graham v. Connor, 490 U.S. 386, 397 (1989)). 34 Saucier mandated that the two steps be resolved in sequence, but the Supreme Court later held that the sequence, while "often appropriate," "should no longer be regarded as mandatory." Pearson, 555 U.S. at 236. Rather, the "judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Id. See also A.D. v. Markgraf, 636 F.3d 555, 559 (9th Cir. 2011) (stating that the court need not proceed through the two-step inquiry sequentially); Bardzik v. County of Orange, 635 F.3d 1138, 1145 n.6 (9th Cir. 2011) (recognizing option to address only the clearly-established step, but concluding that addressing whether there was a constitutional violation was proper under the circumstances); Liberal v. Estrada, 632 F.3d 1064, 1076 (9th Cir. 2011) (explaining that the court may exercise its discretion in deciding which of the two prongs should be addressed first in light of the particular case's circumstances); Dunn v. Castro, 621 F.3d 1196, 1199 (9th Cir. 2010) (recognizing Pearson and addressing only the second prong of the qualified immunity analysis, which was dispositive). Although "the Saucier protocol should not be regarded as mandatory in all cases," the Court "continue[s] to recognize that it is often beneficial." Pearson, 555 U.S. at 236. Whether the defendant violated a constitutional right and whether the right was clearly established at the time of the violation are pure legal questions for the court. See Serrano v. Francis, 345 F.3d 1071, 1080 (9th Cir. 2003); Martinez v. Stanford, 323 F.3d 1178, 1183 (9th Cir. 2003); see also Huff, 632 F.3d at 548 (explaining that whether the law was clearly established at the time of the alleged violation is a pure question of law); Kennedy, 439 F.3d at 1059-60 (explaining that whether a clearly established constitutional right was violated is an "abstract issue of law relating to qualified immunity"); Cunningham v. City of Wenatchee, 345 F.3d 802, 807-10 (9th Cir. 2003) (same). However, "[i]f a genuine issue of material fact exists that prevents a determination of qualified immunity at summary judgment, the case must proceed to trial." Serrano, 345 F.3d at 1077; see also Martinez, 323 F.3d at 1183-85 (holding that the district court erred by granting summary judgment where there were genuine issues of material fact regarding the reasonableness inquiry of the second Saucier prong). (a) Identifying the Right When identifying the right that was allegedly violated, a court must define the right more narrowly than the

constitutional provision guaranteeing the right, but more broadly than all of the factual circumstances surrounding the alleged 35 violation. See Watkins v. City of Oakland, Cal., 145 F.3d 1087, 1092-93 (9th Cir. 1998); Carnell v. Grimm, 74 F.3d 977, 979-80 (9th Cir. 1996); Kelley v. Borg, 60 F.3d 664, 667 (9th Cir. 1995); Camarillo v. McCarthy, 998 F.2d 638, 640 (9th Cir. 1993). For example, the statement that the Eighth Amendment guarantees medical care without deliberate indifference to serious medical needs is a sufficiently narrow statement of the right for conducting the clearly established inquiry. See Kelley, 60 F.3d at 667; see also Newell v. Sauser, 79 F.3d 115, 117 (9th Cir. 1996). (b) Clearly Established Right A government official "cannot be expected to predict the future course of constitutional law, but [the official] will not be shielded from liability" for acts that violate clearly established constitutional rights. Procunier v. Navarette, 434 U.S. 555, 562 (1978) (citations omitted); see also Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). This inquiry must be "undertaken in light of the specific context of the case." Saucier v. Katz, 533 U.S. 194, 201 (2001), overruled in part on other grounds by Pearson v. Callahan, 555 U.S. 223, 236 (2009). See also A.D. v. Markgraf, 636 F.3d 555, 561 (9th Cir. 2011); Delia v. City of Rialto, 621 F.3d 1069, 1078 (9th Cir. 2010); Clouthier v. County of Contra Costa, 591 F.3d 1232, 1240-41 (9th Cir. 2010). To be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what [the official] is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987); see also Hope v. Pelzer, 536 U.S. 730, 739 (2002); A.D., 636 F.3d at 560- 61; Delia, 621 F.3d at 1078; Rodis v. City & County of San Francisco, 558 F.3d 964, 969 (9th Cir. 2009); Eng v. Cooley, 552 F.3d 1062, 1075 (9th Cir. 2009); CarePartners, LLC v. Lashway, 545 F.3d 867, 876 (9th Cir. 2008); Fogel v. Collins, 531 F.3d 824, 833 (9th Cir. 2008); Inouye v. Kemna, 504 F.3d 705, 712 (9th Cir. 2007); Kennedy v. City of Ridgefield, 439 F.3d 1055, 1060-61 (9th Cir. 2006); Estate of Ford v. Ramirez-Palmer, 301 F.3d 1043, 1050 (9th Cir. 2002); Sorrels v. McKee, 290 F.3d 965, 970 (9th Cir. 2002) . The court has stressed that "the right allegedly violated must be defined at the appropriate level of specificity before a court can determine if it was clearly established." Dunn v. Castro, 621 F.3d 1196, 1201 (9th Cir. 2010).

4. "Whether the law was clearly established is an objective standard; the defendant's subjective understanding of the constitutionality of his or her conduct is irrelevant." Clairmont v. Sound Mental Health, 632 F.3d 1091, 1109 (9th Cir. 2011) (internal quotation marks and citation omitted). 36 To conclude that the right is clearly established, the court need not identify an identical prior action. See Anderson, 483 U.S. at 640; see also Hope, 536 U.S. at 739; Rodis, 558 F.3d at 969; Fogel v. Collins, 531 F.3d 824, 833 (9th Cir. 2008); Kennedy, 439 F.3d at 1065-66; Motley v. Parks, 432 F.3d 1072, 1089 (9th Cir. 2005) (en banc); Sorrels, 290 F.3d at 970; Malik v. Brown, 71 F.3d 724, 727 (9th Cir. 1995); Browning v. Vernon, 44 F.3d 818, 823 (9th Cir. 1995). Absent binding precedent, the court should consider all relevant precedents, including decisions from the Supreme Court, all federal circuits, federal

district courts, and state courts; in addition, the court should consider the likelihood that the Supreme Court or the Ninth Circuit would decide the issue in favor of the person asserting the right. See Elder v. Holloway, 510 U.S. 510, 512, 516 (1994); see also Hope, 536 U.S. at 739-46; Dunn, 621 F.3d at 1203 (stating that court may look to precedent from other circuits); Inouye, 504 F.3d at 714-17; Boyd v. Benton County, 374 F.3d 773, 781 (9th Cir. 2004); Osolinski v. Kane, 92 F.3d 934, 936, 938 n.2 (9th Cir. 1996). For guidance as to when prior law clearly establishes a right, see Saucier, 533 U.S. at 202 ("facts not distinguishable in a fair way from facts presented in the case at hand"). Compare Doe v. Petaluma City Sch. Dist., 54 F.3d 1447, 1450-51 (9th Cir. 1995) (concluding that Title VII employment-discrimination law concerning sexual harassment could not serve as the basis for a clearly established right for purposes of a sexual-harassment claim brought under a similarly worded provision of Title IX, which seeks to prohibit sex discrimination in education) with Bator v. Hawaii, 39 F.3d 1021, 1028 n.7 (9th Cir. 1994) (finding Title VII case law relevant to determination of clearly established rights under Equal Protection Clause because both are directed at ending gender discrimination). See also Watkins v. City of Oakland, Cal., 145 F.3d 1087, 1092 n.1 (9th Cir. 1998) (stating that a single district court opinion from out of the circuit is insufficient to demonstrate a clearly established right). Once a court determines that "the law was clearly established, the immunity defense ordinarily should fail, since a reasonably competent public official should know the law governing [the official's] conduct." Harlow, 457 U.S. at 818-19. Even if the plaintiff has alleged violations of a clearly established right, the government official is entitled to qualified immunity if he or she made a reasonable mistake as to what the law requires. See Saucier, 533 U.S. at 205; Kennedy, 439 F.3d at 1061; Wilkins v. City of Oakland, 350 F.3d 949, 955 (9th Cir. 2003); Estate of Ford, 301 F.3d at 1050; Newell v. Sauser, 79 F.3d 115, 118 (9th Cir. 1996); Schroeder v. McDonald, 55 F.3d 454, 461-62 (9th

5. Moreover, unlawful enforcement of an otherwise valid statute demonstrates unreasonable behavior depriving the government official of qualified immunity. See Pierce v. Multnomah County, Or., 76 F.3d 1032, 1037 (9th Cir. 1996); Chew v. Gates, 27 F.3d 1432, 1450 (9th Cir. 1994).

6. Summary Judgment Although both the "clearly established right" and "reasonableness" inquiries are questions of law, where there are factual disputes as to the parties' conduct or motives, the case cannot be resolved at summary judgment on qualified immunity grounds. See Lolli v. County of Orange, 351 F.3d 410, 421 (9th Cir. 2003); Wilkins v. City of Oakland, 350 F.3d 949, 955-56 (9th Cir. 2003); Serrano v.

Francis, 345 F.3d 1071, 1077 (9th Cir. 2003); Martinez v. Stanford, 323 F.3d 1178, 1183-85 (9th Cir. 2003).

7. The Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacity. See Hafer v. Melo, 502 U.S. 21, 30-31 (1991); Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003); Ashker v. Cal. Dep't of Corr., 112 F.3d 392, 394-95 (9th Cir. 1997); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992) (per curiam)".

## Damages / Relief

- **I ask The Court to please issue an injunction against the def's to cease and dis continue their harassment me by continuing to order me to trial when the know they lack jurisdiction.**
- **I ask this Court for the opportunity to amend this complaint in the near future to include more defendants**
- **I ask the Court to sanction any and all persons involved with the violation and its continues.**
- **I ask the Court for court and attorney fees.**

**Plaintiff also** seeks $400 Million Dollars from each defendant, and any other relief this Court deems Just.

Respectfully, _____

Eric Owens, Claimant
14 Butler Street
Glen Cove NY 11542
347-724-060
Ericowens90@yahoo.com

Date: March 30, 2025

## DECLARATION UNDER PENALTY OF PERJURY

I **Eric Owens**, residing at 14 Butler St Glen Cove, NY 11542, Apt 2C declares under penalty of perjury that I am the Plaintiff And that I have read everything that I've declared and can prove each element and find everything to be truthful and accurate, I Eric Owens also depose and state that on 3/31/25, a copy of this claim has been sent to the private attorney's, and to Judge Azrack, requesting that I be allowed proceed with (23cv7730) Owens v. Garden City and requesting possible leave to amend the originally filed complaint to include the new violations that has occurred since the Courts decision and order, and to included the defendant herein named, and others to follow. A copy of the proposed amended complaint is attached and found within this new claim naming new defendants. Included with my request to Judge Azrack and to the defendants is also a propose settlement of this matter so I can go on with my life.

Eric Owens, Plaintiff
14 Butler Street Apt 2C
Glen Cove NY 11542
347-724-060
Ericowens90@yahoo.co

Steven Stern
179 Westbury Avenue
Carle Place, NY 11514
US Court of Appeals 2nd Circuit
40 Foley Sq
New York, NY 10007
Hon. Joan Azrack
USDC EDNY
100 Federal Plaza
Central Islip, NY

Date: March 30, 2025

## EXHIBITS

A. Copy of Judge Azrack decision and order advising me to seek relief via art 78

B. Copy of my art 78

C. Copy of the motion in opposition to my art 78, drafted and given to the Supreme Court by the private attorney's

D. Copy of The Supreme Courts decision dismissing the art 78.

E. Copy of the decision of defendant Allen, mailed to me by the private attorney.

F. Copy of the def's prior letter ordering me to trial on 3/10/25 at 6PM where nobody showed and I was violated once again.

G. Copy of the most recent letter ordering me to trial on 4/8/25 at 6PM.

H. Letter from Glen Cove Gardens in support.

I. Character references and accomplishments since being released

Genl101a (2/01)

**SUPPORTING DEPOSITION / CPL 710.30 NOTICE TO SUPPORT SIMPLIFIED TRAFFIC INFORMATION**

EX B

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

COUNTY OF   NASSAU

**LOCAL CRIMINAL COURT**
**STATE OF NEW YORK**
**THE PEOPLE OF THE STATE OF NEW YORK**
**VS**
ERIC   T   OWENS

★   NOV 27 2023   ★

LONG ISLAND OFFICE

UTT NUMBER     0385G99VT1

Officer   J                         RUSSELL                         of the   GARDEN CITY P.D

a Police Officer and the Complainant alleges that the Defendant committed a violation of

1. (Law/Section/Subsection)     1128D

2. Description of Violation     DROVE ACROSS HAZARD MARKING

3. Date  01/07/2023     Time     10:28 PM     C/T/V of   GARDEN CITY, VILLAGE OF - 3005

4. Vehicle Year   2020               Make   JEEP                         Color   BL - BLUE

License Plate No.   45BFCH           State   FL

5. General Direction of Travel by Defendant     SOUTH

6. Highway (Type/Name)   5 - VILLAGE           S/B CLINTON RD S/O OLD COUNTRY RD

7. Charge based on Officer's     DIRECT OBSERVATION

8. Additional Information:

ABOVE NYS CID# S/B CLINTON RD FL REG 45BFCH DID UNSAFE START UPON GREEN TSL S/B CROSSING OLD COUNTRY RD S/B CLINTON RD OP IN L/L DID MOVE FROM LANE UNSAFELY CROSSING OVER DOUBLE YELLOW HAZARD LANE MARKINGS WHILE PASSING ANOTHER MV S/B WRITER DID PACE MV S/B CLINTON S/O ST JAMES ST SO AT 44MPH IN A POSTED 30MPH ZONE, UPON STOP OP EXTREMELY UNCOOPERATIVE AND IRATE REFUSED TO PROVIDE DRIVERS LICENSE AND PAPERWORK FOR RENTAL VEHICLE, WITH ASSISTANCE AT SCENE AND A SUPERVISOR, OP PROPERLY ID AND CITED

## TO THE ABOVE NAMED DEFENDANT:

PLEASE TAKE NOTICE THAT PURSUANT TO SECTION 710.30 OF THE CRIMINAL PROCEDURE LAW, THE PEOPLE INTEND TO OFFER AT A TRIAL OF THE ABOVE ENTITLED ACTION EVIDENCE OF A STATEMENT MADE BY YOU

on                at                at   S/B CLINTON RD S/O OLD COUNTRY RD                         , To

J                                 RUSSELL                         a public servant,

IN WHICH YOU SUBSTANTIALLY STATED AS FOLLOWS:

FALSE STATEMENTS MADE HEREIN ARE PUNISHABLE AS A CLASS A
MISDEMEANOR PURSUANT TO SECTION 210.45 OF THE PENAL LAW OF THE
STATE OF NEW YORK

Affirmed Under Penalty of Perjury

01/07/2023



GENL101 (2/0(Case 2:23-cv-07730-JMA-ST    Document 6    Filed 11/27/23    Page 26 of 28 PageID #: 118

## SUPPORTING DEPOSITION / CPL 710.30(1)(A) NOTICE
### TO SUPPORT SIMPLIFIED TRAFFIC INFORMATION

COUNTY OF    NASSAU

### LOCAL CRIMINAL COURT
### STATE OF NEW YORK
### THE PEOPLE OF THE STATE OF NEW YORK
### VS

ERIC    T    OWENS

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★    NOV 27 2023    ★

LONG ISLAND OFFICE

UTT NUMBER    0385G99TWL

Officer    J    RUSSELL    of the   GARDEN ... Y PD

a Police Officer and the Complainant alleges that the Defendant committed a violation of:

1. VTL Section   1180D    Description   SPEED IN ZONE

2. Date  01/07/2023    Time   10:28 PM    C/T/V of   GARDEN CITY, VILLAGE OF - 3005

3. Vehicle Year   2020    Make  JEEP    Color  BL - BLUE

License Plate No.   45BFCH    State  FL

4. General Direction of Travel by Defendant    SOUTH

5. Highway (Type/Name)   5 - VILLAGE    S/B CLINTON RD S/O OLD COUNTRY RD

Defendant's Speed   44    MPH in a   30    MPH Zone

. Charge based on Officer's    DIRECT OBSERVATION

8. Speed Verified By   PACE    Model

9. Additional Information:

ABOVE NYS CID# S/B CLINTON RD FL REG 45BFCH DID UNSAFE START UPON GREEN TSL S/B CROSSING OLD COUNTR' RD S/B CLINTON RD OP IN L/L DID MOVE FROM LANE UNSAFELY CROSSING OVER DOUBLE YELLOW HAZARD LANE MARKINGS WHILE PASSING ANOTHER MV S/B WRITER DID PACE MV S/B CLINTON S/O ST JAMES ST SO AT 44MPH IN A POSTED 30MPH ZONE, UPON STOP OP EXTREMELY UNCOOPERATIVE AND IRATE REFUSED TO PROVIDE DRIVERS LICENSE AND PAPERWORK FOR RENTAL VEHICLE, WITH ASSISTANCE AT SCENE AND A SUPERVISOR, OP PROPERLY ID AND CITED

### TO THE ABOVE NAMED DEFENDANT:

PLEASE TAKE NOTICE THAT PURSUANT TO SECTION 710.30(1)(A) OF THE CRIMINAL P
INTEND TO OFFER AT A TRIAL OF THE ABOVE ENTITLED ACTION EVIDENCE OF A STA

THE PEOPLE

on    at    at   S/B CLINTON RD S/O OLD COUNTRY RD    , To

J    RUSSELL    a public se.

IN WHICH YOU SUBSTANTIALLY STATED AS FOLLOWS:

FALSE STATEMENTS MADE HEREIN ARE PUNISHABLE AS A CLASS A
MISDEMEANO.. PURSUANT TO SECTION 210.45 OF THE PENAL LAW OF THE
STATE OF NEW YORK

. Signed Under Penalty of Perjury

01/07/2023



New York State Department of Motor Vehicles
UNIFORM TRAFFIC TICKET

**385G99VW1**

be completed by Police Officer
d given to Motorist

POLICE AGENCY

GARDEN CITY PD
Local Police Code

t Name(Defendant) | First Name **ERIC** | M.I. **T**
NENS

nber and Street | Apt No | Photo Lic Shown
KENNEDY HTS

| State **NY** | Zip Code **11542-0000** | Owner Oper **O** | Lic. Class **E**
LEN COVE

ent ID Number | Sex **M** | Date Expires **02/20/2028**
70706838

State | Date of Birth | Veh Type **1** | Year **2020** | Make **JEEP** | Color **BL**
Y

ate Number **5BFCH** | Reg State **FL** | Registration Expires **08/30/2023**

THE PERSON DESCRIBED ABOVE IS CHARGED AS FOLLOWS

ime **0:28 PM** | Date of Offense **01/07/2023** | IN VIOLATION OF **NYS V AND T LAW**

ection | Sub Section **1162** | Tr Inf | Misd | Felony | MPH | MPH Zone

escription of Violation **UNSAFE STARTING**

US DOT#

CDL Veh **O** | Bus **O** | Haz Mat **O**

Place of Occurrence
S/B CLINTON RD S/O OLD COUNTRY RD

Hwy. No | Loc. Code **3005**

CITY Name
GARDEN CITY, VILLAGE OF - 3005 | County **NASSAU** | Hwy. Type **5** | NCIC/ORI **02905**

AFFIRMED UNDER PENALTY OF PERJURY

Date Affirmed **01/07/2023** | Off Assign

Arrest Type **1 - PATROL**

Badge/Shield **145**

(Officer's Signature)

Officer's Last Name **RUSSELL** | First Name **J** | M.I.

Radar Officer's Signature

THIS MATTER IS SCHEDULED TO BE HANDLED ON THE APPEARANCE DATE BELOW

GARDEN CITY VILLAGE COURT

Address
349 STEWART AVENUE

City
GARDEN CITY | State **NY** | Zip **11530**

⊛ RETURN BY MAIL BEFORE OR IN PERSON ON: | Date **02/13/2023** | Time **6:00 PM**
○ MUST APPEAR IN PERSON ON:

## A PLEA OF GUILTY TO THIS CHARGE IS EQUIVALENT TO A CONVICTION AFTER TRIAL. IF YOU ARE CONVICTED, NOT ONLY WILL YOU BE LIABLE TO A PENALTY, BUT IN ADDITION YOUR LICENSE TO DRIVE A MOTOR VEHICLE OR MOTORCYCLE, AND YOUR CERTIFICATE OF REGISTRATION, IF ANY, ARE SUBJECT TO SUSPENSION AND REVOCATION AS PRESCRIBED BY LAW.

Conviction may subject you to a mandatory surcharge and/or Driver Responsibility Assessment as prescribed by law.

Your failure to respond may result in a warrant for your arrest or suspension of your driver's license and/or a default judgement against you.

EX-A

**(NOT TO BE USED FOR MISDEMEANORS OR FELONIES)**

- If you are pleading "GUILTY" by mail, place an "X" through SECTION B, then complete and sign SECTION A.
- If you are pleading "NOT GUILTY" by mail, place an "X" through SECTION A, then complete and sign SECTION B.
- Mail this form to the Court noted on this ticket by Registered, Certified, or First Class Mail, with Return Receipt Requested.
- DO NOT use this form for Misdemeanors or Felonies or for a third or subsequent speeding violation in an 18 month period, instead you must appear in the Court noted on this ticket in person.
- If the Court denies your plea, you will be notified by mail to appear in the Court noted on the front of this ticket.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D. N.Y.
★ NOV 27 2023 ☆
LONG ISLAND OFFICE

### SECTION A - PLEA OF GUILTY

To the Court listed on the other side of this ticket:

I, _____

residing at _____

have been charged with the violation as specified on the other side of this ticket. I acknowledge receipt of the warning printed in bold type on the other side of this ticket, and I waive arraignment in open court and the aid of an Attorney. I plead GUILTY to the offense as charged and request that this charge be disposed of and a fine or penalty fixed by the court.

Additionally, I make the following statement of explanation (optional):

All statements are made under penalty of perjury:

Date: _____ Signed _____

### SECTION B - PLEA OF NOT GUILTY

The following notice applies to you if the officer did not issue you a supporting deposition with your ticket.

NOTICE: YOU ARE ENTITLED TO RECEIVE A SUPPORTING DEPOSITION FURTHER EXPLAINING THE CHARGES PROVIDED YOU REQUEST SUCH SUPPORTING DEPOSITION WITHIN THIRTY (30) DAYS FROM THE DATE YOU ARE DIRECTED TO RESPOND TO THE COURT NOTED ON THE OTHER SIDE OF THIS APPEARANCE TICKET. DO YOU REQUEST A SUPPORTING DEPOSITION?

Yes ☐ No ☐

SUPPORTING DEPOSITION PROVIDED WHEN THIS TICKET WAS ISSUED?

NO ○ | SPEEDING (Gen 101) ○
GENERAL (Gen 101A) ⊛

Signature _____

Address _____

City _____ State _____ Zip Code _____

NOTE: Mail this NOT GUILTY plea within 48 hours. The court will notify you by First Class Mail of your appearance date.

### APPLICANTS UNDER 18 YEARS OF AGE
MUST SUBMIT NAME AND ADDRESS OF PARENT OR GUARDIAN BELOW.

Name of Parent or Guardian _____

Address _____

State _____ Zip Code _____

City _____

FAILURE TO ANSWER THIS TICKET WILL RESULT IN THE SUSPENSION OF YOUR LICENSE AND A DEFAULT JUDGEMENT AGAINST YOU.

UTO-1.7 (4/02)

**0385G99VW1**

Case 2:23-cv-07730-JMA-ST    Document 31-1    Filed 04/02/25    Page 44 of 76 PageID #: 694



The light where Russell said
I started unsafe. This is Glen
Cove Road + Old Country Rd. Not Garden
City, it's Carle Place, NY. GCTC
LACKS subject matter Jurisidiction.

A

FILED
CLERK

1:07 pm, Jan 03, 2025

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ERIC OWENS,

        Plaintiff,

  -against-

**ORDER**
23-CV-07730 (JMA) (ST)

THE INCORPORATED VILLAGE OF GARDEN CITY,
*et al.*,

        Defendants.
-------------------------------------------------------------------X

**AZRACK, United States District Judge:**

By Memorandum and Order dated November 8, 2024, the Court denied plaintiff, Eric Owen's ("Plaintiff"), motion to dismiss the three traffic summonses pending in the Village of Garden City Justice Court ("Justice Court") and stayed this case until after disposition of Plaintiff's underlying Justice Court proceedings. (ECF No. 24.) On November 25, 2024, Plaintiff filed a Notice of Appeal together with an application to proceed in forma pauperis on appeal. (ECF Nos. 27-28.) Plaintiff had paid the filing fee in this Court to commence this action. (See Filing Fee, Receipt No. 200002448.) For the following reasons, the motion to appeal in forma pauperis is denied.

## DISCUSSION

Pursuant to Federal Rule of Appellate Procedure 24(a)(1), a party who did not proceed in forma pauperis in the district court, but who wishes to so proceed on appeal, must file a motion with the district court and "attach an affidavit that: (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on

Case 2:23-cv-07730-JMA-ST    Document 31-1    Filed 04/02/25    Page 46 of 76 PageID
Case 2:23-cv-07730-JMA-ST    Document 30    Filed 01/03/25    Page 2 of 3 PageID
#: 696

appeal." Here, Plaintiff does not state any of the issues he intends to present on appeal nor does he claim an entitlement to redress. (See ECF No. 27.) Nor does Plaintiff demonstrate an inability to pay the filing fee. Although Plaintiff reports monthly wages in the sum of approximately $1,200 and no debts or financial obligations other than an unspecified monthly expense for "cell phone, cable and internet", he reports having negative $9.00 in an account and reports no monthly expenses for items such as food, housing, utilities, transportation, etc. (Id. ¶ 4.) Of note, Plaintiff reports a residential address at 14 Butler Street, Apt. 2, in Glen Cove, New York. (ECF No. 20.) As is readily apparent, Plaintiff's motion fails to articulate any grounds for this appeal or any errors committed by the district court, nor does it adequately demonstrate an inability to pay the filing fee. Thus, "there is no basis for the Court to grant in forma pauperis status for appeal purposes." In re Nassau Cnty. Strip Search Cases, No. 99-CV-2844, 2010 WL 4021813, at *1 (E.D.N.Y. Sept. 29, 2010). Moreover, the Court has already denied leave to appeal *in forma pauperis* finding that there is no good faith basis for an appeal from the November 8, 2024 Memorandum and Order. (See Mem & Order, ECF No. 24 at 9) ("Should Plaintiff seek leave to appeal *in forma pauperis* ("IFP"), the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962). Accordingly, plaintiff's motion for in forma pauperis status on appeal is denied.).

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for leave to appeal in forma pauperis is denied. Pursuant to Rule 24(a)(4) of the Federal Rules of Appellate Procedure, the Clerk of the Court shall serve notice of entry of this order upon both parties and "immediately notify" the United States Court of Appeals for the Second Circuit of this decision. Pursuant to Rule

Case 2:23-cv-07730-JMA-ST Document 31-1 Filed 04/02/25 Page 47 of 76 PageID
Case 2:23-cv-07730-JMA-ST Document 30 Filed 01/03/25 Page 3 of 3 PageID #: 639
#: 697

24(a)(5) of the Federal Rules of Appellate Procedure, Plaintiff may file a motion for leave to proceed on appeal in forma pauperis in the United States Court of Appeals for the Second Circuit within thirty (30) days after the Clerk of this Court serves notice of entry of this order upon him.

The Court has reviewed the record and again certifies that, pursuant to 28 U.S.C. § 1915(a)(3), any appeal from the November 8, 2024 Memorandum and Order or this Order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). Accordingly, Plaintiff's application for leave to appeal in forma pauperis on appeal is denied.

**SO ORDERED.**

Dated:    January 3, 2025
        Central Islip, New York

_____/s/ JMA_____
Joan M. Azrack
United States District Judge

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

ERIC OWENS,

                  Plaintiff/Petitioner,

        -v-

GARDEN CITY TRAFFIC COURT, THE
INCORPORATED CITY OF GARDEN CITY,

           Defendants/Respondents.

Index No. 000942/24

**ORDER WITH
NOTICE OF ENTRY**

PLEASE TAKE NOTICE that the attached is a true copy of the Decision and Order, dated

February 7, 2025, and entered in the Nassau County Clerk's Office on February 13, 2025.

Dated: Carle Place, New York
       February 26, 2025

                                  SOKOLOFF STERN LLP
                                  *Attorneys for Defendant Incorporated
                                  City of Garden City*

                By:       *St C.St*

                                  Steven C. Stern
                                  Samantha Vélez
                                  179 Westbury Ave.
                                  Carle Place, NY 11514
                                  Phone: (516) 334-4500
                                  File No.: 230087

TO:

Via Certified Mail and Regular Mail

Eric T. Owens
*Pro se Plaintiff*
14 Butler Street
Glen Cove, New York 11542
ericowens90@yahoo.com

SUPREME COURT OF THE STATE OF NEW YORK
NASSAU COUNTY

------------------------------------------------------------------X

ERIC OWENS,

                                        Plaintiff/Petitioner

                    -against-

GARDEN CITY TRAFFIC COURT
THE INCORPORATED CITY OF
GARDEN CITY,
                    Defendants/ Respondents

------------------------------------------------------------------X

                                        XXX
                                        Sequence 2
                                        INDEX NO. 000942/24
                                        Hon. GARY M. CARLTON
                                        **DECISION AND ORDER**

## ORDER

ERIC OWENS having moved by Order to Show Cause for various relief arising out of three traffic tickets issued by the Garden City Police Department on or around January 7, 2023,

Counsel for THE INCORPORATED VILLAGE OF GARDEN CITY moved for dismissal by motion returnable on March 10, 2025, Defense counsel asks the Court to consider its papers as opposition to the Order to Show Cause.

Counsel for THE INCORPORATED VILLAGE OF GARDEN CITY argued that this Court has no authority to issue a writ of mandamus as against THE INCORPORATED VILLAGE OF GARDEN CITY as this remedy lies only to compel the performance of acts which are mandatory, not discretionary.

The mandatory act at issue is the right to a speedy trial, see CPL 30.30(1)(e).

This Court has just been advised that The Village has decided the motion to dismiss filed by ERIC OWENS , see attached.

Therefore it is

ORDERED, that this Court's issuance of a writ of mandamus is now moot and the case is dismissed.

Dated: February 7, 2025

GARY M. CARLTON
SUPREME COURT JUSTICE

ENTERED
FEB 13 2025
NASSAU COUNTY
COUNTY CLERK'S OFFICE

JUSTICE COURT
VILLAGE OF GARDEN CITY

THE PEOPLE OF THE STATE OF NEW YORK

- Against -

Eric T. Owens

Defendant

*Violation(s):*

0385G99VW1
0385G99VT1
0385G99TWL

## DECISION AND ORDER

I have read the documents presented by the defendant herein, and those by the people in opposition thereto.

All motions before me are hereby in all respect, DENIED, with prejudice.

Dated: January 30, 2025
Garden City, New York

Allen S. Mathers
Village Justice

cc: C. Gomoka, Traffic Prosecutor

TO:  Eric T. Owens
      48 Kennedy Hts
      Glen Cove, NY 11542

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF NASSAU

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - ---X

**ERIC OWENS**

               **Defendant**

**AFFIDAVIT IN SUPPORT OF
MOTION TO DISMISS TRAFFIC TICKETS**

      **-against-**

**THE PEOPLE OF THE STATE OF NEW YORK,**

                **Complainant**

---

**THE STATE OF NEW YORK,
COUNTY OF: NASSAU**

Eric Owens, being duly sworn, deposes and says:

1. I am The Claimant I reside at 14 Butler Street Glen Cove, NY 11542 APT 2C.
2. I am familiar with the Facts surrounding the claim and all stated is true to my knowledge
3. The Complaint 'The People of the state of New York "are responsible for the prosecution for the traffic tickets and are located at Garden City Village Hall 349 Steward Ave Garden City, New York 11530
4. And that I am submitting to Garden City Court the motion to dismissed due to Federal and NYS Constitution violations, as well a procedural violation for over 2 years.

Wherefore I respectfully request that the tickets be dismissed and any other relief that the Court deems just and proper.

                                    Eric Owens, Defendant

                    date: 2/10/25

**Garden City Justice Court**
349 Stewart Avenue
Garden City, NY 11530
t: 516-465-4080
e: gcutrone@gardencityny.net



RECEIVED
FEB 1 0 2025
By_____

Sworn to me this _10_ day of 20_25_. FEB.

*[signature]*

**ALAN GOLDBERG**
Notary Public, State of New York
No. 01GO6116688
Qualified in Nassau County
Commission Expires 10/04/2028



about:blank

# SIMPLIFIED TRAFFIC INFORMATION

## LOCAL CRIMINAL COURT
## STATE OF NEW YORK
### THE PEOPLE OF THE STATE OF NEW YORK
### VS

COUNTY OF   NASSAU

ERIC   T   OWENS

UTT NUMBER   0305G99TWL

Officer   J       RUSSELL           of the   GARDEN CITY PD

a Police Officer and the Complainant alleges that the Defendant committed a violation of:

1. VTL Section   1180D     Description   SPEED IN ZONE

2. Date  01/07/2023   Time   10:28 PM    C/T/V of   GARDEN CITY, VILLAGE OF - 3005

3. Vehicle Year   2020     Make  JEEP          Color  BL - BLUE

License Plate No.   45BFCH     State  FL

4. General Direction of Travel by Defendant   SOUTH

5. Highway (Type/Name)   5 - VILLAGE ·       S/B CLINTON RD S/O OLD COUNTRY RD

6. Defendant's Speed:   44    MPH in a  30    MPH Zone

7. Charge based on Officer's   DIRECT OBSERVATION

8. Speed Verified By   PACE        Model

9. Additional Information:

ABOVE NYS CID# S/B CLINTON RD FL REG 45BFCH DID UNSAFE START UPON GREEN TSL S/B CROSSING OLD COUNTRY RD S/B CLINTON RD OP IN L/L DID MOVE FROM LANE UNSAFELY CROSSING OVER DOUBLE YELLOW HAZARD LANE MARKINGS WHILE PASSING ANOTHER MV S/B WRITER DID PACE MV S/B CLINTON S/O ST JAMES ST SO AT 44MPH IN A POSTED 30MPH ZONE, UPON STOP OP EXTREMELY UNCOOPERATIVE AND IRATE REFUSED TO PROVIDE DRIVERS LICENSE AND PAPERWORK FOR RENTAL VEHICLE, WITH ASSISTANCE AT SCENE AND A SUPERVISOR, OP PROPERLY ID AND CITED

## TO THE ABOVE NAMED DEFENDANT:

PLEASE TAKE NOTICE THAT PURSUANT TO SECTION 710.30(1)(A) OF THE CRIMINAL PROCEDURE LAW, THE PEOPLE INTEND TO OFFER AT A TRIAL OF THE ABOVE ENTITLED ACTION EVIDENCE OF A STATEMENT MADE BY YOU

on           at           at   S/B CLINTON RD S/O OLD COUNTRY RD                    , To

J               RUSSELL               a public servant,

IN WHICH YOU SUBSTANTIALLY STATED AS FOLLOWS:

FALSE STATEMENTS MADE HEREIN ARE PUNISHABLE AS A CLASS A MISDEMEANOR PURSUANT TO SECTION 210.45 OF THE PENAL LAW OF THE STATE OF NEW YORK

Affirmed Under Penalty of Perjury

01/07/2023



Genl101a (2/01)

## SUPPORTING DEPOSITION / CPL 710.30 NOTICE TO SUPPORT SIMPLIFIED TRAFFIC INFORMATION

COUNTY OF   NASSAU

## LOCAL CRIMINAL COURT
## STATE OF NEW YORK
## THE PEOPLE OF THE STATE OF NEW YORK
## VS

ERIC    T    OWENS

UTT NUMBER    0385G99VT1

Officer    J            RUSSELL                    of the  GARDEN CITY PD

a Police Officer and the Complainant alleges that the Defendant committed a violation of

1. (Law/Section/Subsection)    1128D

2. Description of Violation    DROVE ACROSS HAZARD MARKING

3. Date  01/07/2023    Time    10:28 PM    C/T/V of  GARDEN CITY, VILLAGE OF - 3005

4. Vehicle Year   2020            Make  JEEP            Color   BL - BLUE

License Plate No.   45BFCH       State  FL

5. General Direction of Travel by Defendant:    SOUTH

6. Highway (Type/Name)   5 - VILLAGE        S/B CLINTON RD S/O OLD COUNTRY RD

7. Charge based on Officer's   DIRECT OBSERVATION

8. Additional Information:

ABOVE NYS CID# S/B CLINTON RD FL REG 45BFCH DID UNSAFE START UPON GREEN TSL S/B CROSSING OLD COUNTRY RD S/B CLINTON RD OP IN L/L DID MOVE FROM LANE UNSAFELY CROSSING OVER DOUBLE YELLOW HAZARD LANE MARKINGS WHILE PASSING ANOTHER MV S/B WRITER DID PACE MV S/B CLINTON S/O ST-JAMES ST SO AT 44MPH IN A POSTED 30MPH ZONE, UPON STOP OP EXTREMELY UNCOOPERATIVE AND IRATE REFUSED TO PROVIDE DRIVERS LICENSE AND PAPERWORK FOR RENTAL VEHICLE, WITH ASSISTANCE AT SCENE AND A SUPERVISOR, OP PROPERLY ID AND CITED

## TO THE ABOVE NAMED DEFENDANT:

PLEASE TAKE NOTICE THAT PURSUANT TO SECTION 710.30 OF THE CRIMINAL PROCEDURE LAW, THE PEOPLE INTEND TO OFFER AT A TRIAL OF THE ABOVE ENTITLED ACTION EVIDENCE OF A STATEMENT MADE BY YOU

on        at            at   S/B CLINTON RD S/O OLD COUNTRY RD                    , To

J                            RUSSELL                    a public servant,

IN WHICH YOU SUBSTANTIALLY STATED AS FOLLOWS:

FALSE STATEMENTS MADE HEREIN ARE PUNISHABLE AS A CLASS A MISDEMEANOR PURSUANT TO SECTION 210.45 OF THE PENAL LAW OF THE STATE OF NEW YORK

Affirmed Under Penalty of Perjury

01/07/2023



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - --X

ERIC OWENS

                      **Defendant**

             -against-

THE PEOPLE OF THE STATE OF NEW YORK,

                    **Complainant**

**AFFIDAVIT IN SUPPORT OF SERVIVCE**

THE STATE OF NEW YORK,
COUNTY OF: NASSAU

Eric Owens, being duly sworn, deposes and says:

That on 2/10/25 I personally delivered to the Complainant: The People of The State of New York located at Garden City Traffic Court at 349 Steward Ave 11530 a motion to dismiss, and affidavit in support dated 2/10/2025 and mailed a copy via USPS as well as a copy to Steven @ 179 Westbury Ave, Carle Place, NY 11514

Date: 2/10/25

                                   Eric Owens, Defendant
                                   14 Butler Street Apt 2C
                                   Glen Cove, NY 11542
                                   347-724-0609

Sworn to me this 10 day of 20 25. FEB

Notary

ALAN GOLDBERG
Notary Public, State of New York
No. 01GO6116688
Qualified in Nassau County
Commission Expires 10/04/2028

Mn   SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

------------------------------------------------x


ERIC OWENS,                    Defendant



-against-

                                                    Motion to dismiss


The People of The State Of New York,
                              Plaintiff
------------------------------------------------------------------x
**THE STATE OF NEW YORK,**
**COUNTY OF: NASSAU**


Eric Owens, being duly sworn, deposes and says:
1.  I am The Claimant I reside at 14 Butler Street Glen Cove, NY 11542 APT 2C.
2.  I am familiar with the Facts surrounding stated within the motion to dismiss, and all stated is true to my knowledge.
3.  And that I submit to the Garden City Village Court Prosector and or it's fact finder, this 3rd motion to dismiss the traffic tickets # 0385G99TWL, 0385G99VT1, and 0385G99VW.
4.  And, should this motion be denied, I respectfully request the following witnesses to appear at a trial, to be questioned under oath and on record: a

    **Witness(s)**
    a.   Officer John Russell GCPD 349 Steward Ave Garden City 11530
    b.   Samatha Velez, Attorney 179 Westbury Ave Carle Place, NY 11514


The grounds for this motion to dismiss are as follows:



**"Subject Matter Jurisdiction"**

Complaint, Officer Russell in his own accusatory instrument and deposition clearly states that he allegedly "observed" the defendant make an "unsafe start" "upon green tsl, s/b crossing Old Country Road..." He further states that this occurred in the c/v/t of "Garden City".

Police Officer Russell fails to state exactly what the defendant did that made the start of his vehicle "unsafe", nor does he state exactly what the defendant did at the start of his vehicle that put anyone at risk.

**PO Russell is Vague**: *"...without any evidence that the movement was done unsafely. Under the circumstances of this case, in the absence of any evidence that the movement was not made with reasonable safety, the police officer had no probable cause to stop the motorist. Under Vehicle and Traffic Law § 1162: "No person shall move a vehicle which is stopped, standing, or parked unless and until such movement can be made with reasonable safety." The credible evidence here shows no violation of this traffic law.* **McDonell**

*v. New York State Department of Motor Vehicles, 77AD3d 1379 (4th Dept 2010); cf. People v. Bielkiewicz, 55 Misc 2d 666 (County Ct, Saratoga County 1967). Thus, the stop of the defendant's vehicle was based on a mistake of law. When a stop of a defendant's vehicle is based on a mistake of law, the stop is illegal at the outset, and any further police actions are illegal. People v. Rose, 67 AD3d 1447 (4th Dept 2009); People v. Allen, 89 AD3d 742 (2d Dept 2011). Accordingly, the charges against the defendant must be dismissed. THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT". People v Rebecca P. 2012 NY Slip Op 52304(U) Decided on December 17, 2012*

The location of the light in which the alleged unsafe start he states occurred, is NOT Clinton and Old Country Road, as stated by Russell, it's also Not Garden City as stated by Russell (No Such Address Exist), the location in which Russell states he "observed" the violation, at that light, s/b is Glen Cove and Old Country Road, Carle Place, New York.

## Lack of Subject Matter Jurisdiction

When it is alleged that the Court lacks subject matter jurisdiction over an action, a defendant can make a motion to dismiss, for want of subject matter jurisdiction, pursuant to CPLR §3211(a)(2). CPLR 3211(a)(8) states that a party may move to dismiss one or more causes of actions asserted against that party upon the ground that "the court has not jurisdiction of the person of the defendant." Upon a motion to dismiss for lack of personal jurisdiction, the central issue to be decided is whether the Court has jurisdiction and if not the Court must dismiss the action without condition. Foley v. Roche, 68 AD2d 558, 418 N.Y.S.2d 588 (1st Dept. 1979). Further, where the movant submits unrefuted allegations that the Court lacks personal jurisdiction over the movant, the motion should be granted. Sanchez v. Major, 289 AD2d 320, 734 N.Y.S.2d 211 (2d Dept. 2001).

The 2nd alleged traffic violation written by Russell and within his deposition continues after the alleged "unsafe start' to describe another traffic violation committed, ".... did move from lane unsafely crossing over double Hazzard Lane markings while passing another vehicle...."

Officer Russell's allegations cannot be supported any evidence, nor can a "reasonable person" believe this to be true for the following reason(s): Vague

Where? What Hazzard lanes? When? officer Russell fails to state the location, and time in which this alleged violation occurred.

Officer Russell then uses the same, NON existing address as he uses with the unsafe start "Garden City" and as such **again this Court "lacks subject matter jurisdiction"**.

"If a Court lacks "jurisdiction" it must dismiss the complaint, *People v Zappula 2013 NY Slip Op 23346 Decided on October 10, 2013, Just Ct Of The Vil Of Muttontown, Nassau County Kaminsky, J*

A reading of officer Russell's deposition with respects to a Hazzard Lane violation makes absolutely no sense, because if I did this, "while passing another vehicle" as reported by Russell, then that means my front, left, driver's side tire would have been the tire that would have breached the lane. and if I did this while "passing in front of another vehicle" and Officer Russell would NOT have been able to see my tire breech the lane or my vehicle breech the lane. It was 10:30 PM, I was operating a large, Jeep Cherokee, and Russell was 3 cars behind in the lane that I had switched from and Clinton Road is a very narrow stretch, making it totally impossible for him to "observe" such a violation.
Officer Russell once again provide "vague' allegations with respects to this alleged violation.

**People v Ventura 2022 NY Slip Op 50541(U) Decided on June 27, 2022 District Court Of Suffolk County, First District Sachs, J** *VTL § 1128(a) provides, in pertinent part, "[w]henever any roadway has been divided into two or more clearly marked lanes for traffic...[a] vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety." The supporting deposition submitted in support of the simplified traffic information charging a violation of VTL § 1128(a) states "the defendant did operate the above vehicle at the above place of occurrence, [and] as observed by your deponent, did fail to safely maintain a single lane of travel."*

*While the supporting deposition is based on the officer's direct observation, the factual portion is bereft of allegations of an evidentiary character; rather, it merely recites, in conclusory fashion, that the defendant "did fail to safely maintain a single lane of travel." In addition, and seemingly in contradiction, the officer also described the violation as "[the defendant] moved from lane unsafely." It is the opinion of this Court that the conclusory nature of the allegations fails to adequately apprise the defendant of the accusations against her, and therefore the accusatory instrument is facially insufficient. See, e.g., People v Bollag, 42 Misc.3d 149(a), 986 N.Y.S.2d 866 [2d Dep't 9th and 10th Jud Dist 2014] [reversing judgment of conviction where "[t]he supporting deposition set forth little more than the conclusory assertion that defendant had violated [the Vehicle and Traffic Law] by his failure to obey an unspecified traffic control device."].*

*While the supporting deposition is based on the officer's direct observation, the factual portion is bereft of allegations of an evidentiary character; rather, it merely recites, in conclusory fashion, that the defendant "did fail to safely maintain a single lane of travel." In addition, and seemingly in contradiction, the officer also described the violation as "[the defendant] moved from lane unsafely." It is the opinion of this Court that the conclusory nature of the allegations fails to adequately apprise the defendant of the accusations against her, and therefore the accusatory instrument is facially insufficient. See, e.g., People v Bollag, 42 Misc.3d 149(a), 986 N.Y.S.2d 866 [2d Dep't 9th and 10th Jud Dist 2014] [reversing judgment of conviction where "[t]he supporting deposition set forth little more than the conclusory assertion that defendant had violated [the Vehicle and Traffic Law] by his failure to obey an unspecified traffic control device."].*

*VTL § 1129(a) provides, in pertinent part, that "[t]he driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speedy of such vehicles and the traffic upon and the condition of the highway." The supporting deposition submitted in support of the simplified traffic information charging a violation of VTL § 1129(a) states, in pertinent part "[t]he defendant did operate the above vehicle at the above place of occurrence, and as observed by your deponent, did follow another vehicle at an unsafe distance, which was less than reasonable and prudent under the existing traffic conditions."*

*Again, the supporting deposition contains no evidentiary allegations, but merely sets forth the conclusory allegation that the defendant "did follow another vehicle at an unsafe distance." These bare bones allegation, which simply repeats the statutory language, does not provide the defendant with sufficient information regarding the speed of travel of the defendant's vehicle or the other vehicle; nor does it provide any information regarding what distance the officer deemed to be unsafe. Accordingly, this Court concludes that the accusatory instrument is facially insufficient.*

Officer States Defendant committed a 3rd traffic violation, "writer did pace m/v, s/b Clinton s/o St. James st so at 44mph..."

Such an allegation cannot be supported by evidence, and are mathematically, scientifically and environmentally impossible for Officer Russell to corroborate:

a. Clinton and St James Place South is road/railroad track crossing where a motorist vehicle must incline and decline.

b. Traveling at the speed of 44mph speed at that location, in the large Jeep that I was operating and could be impossible without causing a collision

c. The location is a very bumpy, dangerous, uneven, dimly lit, narrow 4 lane road, with other motorist to my left and right, traveling at 10:30PM one cannot pace cross the tracks nor on that stretch of road.

d. Clinton Road is the most dangerous to drive on in Garden City. (see attached)

e. Officer Russel followed me from Old Country Road, he stopped, directly behind at the light of Steward Ave and Clinton, upon green I continued from the light on Steward, onto St. James South he stated he paced me doing 44. (only is a 2-block distance),

f. I crossed St. James and drove 2 more blocks at which time officer Russell stopped me on Garden Place (a 4-block distance from the light we were stopped a on Steward).

g. It's Mathematically and scientifically impossible for Officer Russell to have paced me.

h. Officer Russell followed me from Old Country Road to Garden Place 6 miles in total, I saw Officer Russell following me from Old Country Road, In fact the first words out of my mouth to him after I stopped, and he approach the car were, "Why are you following me? I saw you following me since I crossed Old Country Road. (This entire statement is on video and audio and I will introduce as evidence for trial. If The People of the State of New York, or this Court would like to view the entire 45-minute footage of which include more civil and constitutional rights violations, I implore you to please contact me so that I can make arrangement. The footage is too long to be supported by email.

i. Any Black Man, traveling at night and knows the cops have been following him, we DO NOT over the posted speed limit, in fact we go a bit under, driving while Black 101 I'm 57 yrs old so I know what and who I deal with every day.

j. **Authority on Pacing:**

where an officer estimates that a vehicle is traveling in only slight excess of the legal speed limit, and particularly where the alleged violation is at a speed differential difficult for the naked eye to discern, an officer's visual speed estimate requires additional indicia of reliability to support probable cause. ***See United States v. Moore, No. 10 Cr. 971(RJH), slip op., 2011 WL 6325973 at *6 (S.D.N.Y. Dec. 19, 2011)*** (finding that stop was unsupported by probable cause and explaining that, absent an officer's estimate that a vehicle is traveling "significantly in excess" of the legal speed limit, "courts will credit an officer's testimony regarding firsthand observation of a speeding vehicle if additional, specific details of his or her account confirm that the officer's observation and belief were reasonable"); cf. City of Kansas City v. Oxley, 579 S.W.2d 113, 116 (Mo.1979) (holding that officer's uncorroborated opinion evidence of defendant's 45–mph speed in a 35–mph zone was insufficient evidence to allow trier of fact to find that

defendant was speeding); *Olsen, 292 N.Y.S.2d 420, 239 N.E.2d at 355* ("[A]bsent mechanical corroboration, [testimony] that a vehicle was proceeding at 35 or 40 miles per hour in [a 30–mph] zone might for obvious reason be insufficient [to sustain a conviction for speeding], since it must be assumed that only a mechanical device could detect such a slight variance with [sufficient] accuracy."); *State v. Kimes, 234 S.W.3d 584, 589 (Mo.Ct.App.2007)* ("[W]here an officer's estimation of speed is 60 m.p.h., a fact-finder cannot conclude with any degree of certainty that a defendant was exceeding a 55 m.p.h. speed limit because the accuracy of human estimation of speed cannot easily, readily, and accurately discriminate between such small variations in speed."); *Peoples Drug Stores v. Windham, 178 Md. 172, 12 A.2d 532, 537 (1940)* ("[A]n estimate is necessarily approximate and not exact for without mechanical aides it is manifestly impossible for anyone . to estimate precisely the speed of a moving object, and that fact is assumed by everyone possessing ordinary common sense.")

**Officer Russell had no lawful reason to stop me and as such all tickets "must" be dismissed**

**The Court of Appeals held that the automobile stop in this case was unlawful and held that the elevated probable cause standard set forth in *People v. Robinson, 97 NY2d 341 (2001),* is required for an officer to validly stop a vehicle for a Vehicle and Traffic violation.**

**_People v Hinshaw 2020 NY Slip Op 04816 Decided on September 1, 2020 Court of_**

Because the state trooper lacked an objectively reasonable suspicion that a crime had occurred or probable cause to stop Mr. Hinshaw's vehicle for a traffic infraction, we conclude the automobile stop was unlawful.

Under the settled law of New York, an automobile stop "is a seizure implicating constitutional limitations" (People v Spencer, 84 NY2d 749, 752 [1995]). Automobile stops are lawful only when "based on probable cause that a driver has committed a traffic violation" (People v Robinson, 97 NY2d 341, 349-350 [2001]); when based on a reasonable suspicion that the driver or occupants of the vehicle have committed, are committing, or are about to commit a crime (Spencer, 84 NY2d at 752-753); or, "when conducted pursuant to nonarbitrary, nondiscriminatory, uniform' highway traffic procedures" (People v Sobotker, 43 NY2d 559, 563 [1978]).

In contrast to the Fourth Amendment, which "permits brief investigative stops . . . when a law enforcement officer has a particularized and objective basis for suspecting the particular person stopped of criminal activity'" (Navarette v California, 572 US 393, 396 [2014]; see also Terry v Ohio, 392 US 1 [1968]), this Court has adopted greater protections than Terry and its federal progeny for pedestrian stops by the police (see People v De Bour, 40 NY2d 210, 223 [1976] [creating a four-tiered framework for evaluating police-civilian encounters]). Our De Bour test, in which "constitutional law and common law both played a part" (People v Hollman, 79 NY2d 181, 195 [1992]), is more protective of the rights of individuals "to be free from aggressive governmental interference" (De Bour, 40 NY2d at 216; cf. People v Gates, 31 NY3d 1028, 1030 [Garcia, J., dissenting] ["The De Bour method differs significantly from the federal approach . . . The hyper-stringent rule of De Bour also serves as a barrier to legitimate, [*3]effective and minimally-intrusive law enforcement practices"]). Thus, "[t]he continued vitality of De Bour . . . is not contingent upon the interpretation that the Supreme Court gives the Fourth Amendment, because De Bour is largely based upon considerations of reasonableness and sound State policy" (Hollman, 79 NY2d at 195). As relevant here, to curb potential discriminatory practices, New York also provides greater protections than does federal law for traffic infraction vehicle stops, as evidenced by our decision in Robinson (see Robinson, 97 NY2d at 353). There, we emphasized that "[d]iscriminatory law enforcement has no place in our law"

*__McDonell v. New York State Department of Motor Vehicles, 77AD3d 1379 (4th Dept 2010); cf. People v. Bielkiewicz, 55 Misc 2d 666 (County Ct, Saratoga County 1967).__ Thus, the stop of the defendant's vehicle was based on a mistake of law. When a stop of a defendant's vehicle is based on a mistake of law, the stop is illegal at the outset, and any further police actions are illegal. __People v. Rose, 67 AD3d 1447 (4th Dept 2009)__; People v. Allen, 89 AD3d 742 (2d Dept 2011). Accordingly, the charges against the defendant must be dismissed. THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT". __People v Rebecca P. 2012 NY Slip Op 52304(U) Decided on December 17, 2\__*

I personally served a demand for discovery, speedy trial and dismissal based on lack of jurisdiction and was told by Greg the Court Clerk that he would get back to me once the motions are answered.

At the time of this writing (2/8/25), I never received a response to the motions from the Court, nor a response / opposition from The People only thing I got was a civil attorney steven stern who of his own velation began acting in the stead of The People of The State of New York, and using his position to act in concert with others to conspiring against my efforts to have 3 unlawful tickets dismissed.

I point out that as the date of this writing, there has been no pleadings from the Prosecution opposing any of my motion to dismiss, however Steven continued to act as prosecutor, and in his pleadings, he even suggested that I committed the traffic infractions, and was I cause of officer Russell unlawfully seize and detaining me after he completed the tickets. (

Not only has the been total silence from the prosecution, but the Clerk Greg continuously denied giving me his / her name so I can deal directly with them regarding discovery and my motions.

I point out: I have submitted to The Garden City TC a total of 4 to 6 motions, I filed many complaints, I've submitted 2 notice of Intentions, I made The Nassau County Attorney and District Attorney's Office aware of the unlawful tickets and that they are not being Prosecuted according to the law, I file a Federal Complaint about the unlawful tickets, I filed requesting the Federal Court to take jurisdiction and dismiss the tickets (23cv 7730), which was denied, I've file an appeal of the District Courts decision with the 2nd Circuit, and I filed an Art 78 A motion to dismiss the unlawful tickets, all within 2, plus years and no Court that has been involved can say that they received anything from The people of The State of New York, but Steven Stern's name is all over the place in in effort to continue to have the government oppress me.

Steven's malpractice and continued, successful attempts to violate my constitutional rights has further added to the harm caused by Russell and others involved.

Steven became prosecutor, civil counsel, judge and jury, all why citing Younger, claiming the state has an interest in the traffic violation infraction, yet NEVER opposed, objected nor entertained anything at any point.

### __Gottwald v Sebert 2023 NY Slip Op 03183 Decided on June 13, 2023 Court of Appeals__
The statutory privilege applies to "the publication of a fair and true report of any judicial proceeding" (Civil Rights Law § 74) where "the substance of the [statement is] substantially accurate" (Holy Spirit Assn. for Unification of World Christianity v New York, 49 NY2d 63, 67 [1979]). This Court has excluded from the privilege's coverage statements made by those who "maliciously institute a judicial proceeding alleging false and defamatory charges" (Williams v Williams, 23 NY2d 592, 599 [1969])[FN4].

In *Altman v DiPreta*, 204 AD3d 965, 968-69 [2d Dept 2022], the court dismissed the cause of action brought under Judiciary Law Section 487, holding:

Under Judiciary Law Section 487(1), an attorney who "[i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party" is liable to the injured party for treble damages. "Judiciary Law Section 487 'applies to an attorney acting in his or her capacity as an attorney, not to a party who is represented by counsel and who, incidentally, is an attorney' " (*Pinkesz Mut. Holdings, LLC v. Pinkesz*, 198 A.D.3d 693, 698, 156 N.Y.S.3d 216, quoting *Oakes v. Muka*, 56 A.D.3d 1057, 1058, 868 N.Y.S.2d 796). Here, the parties' evidentiary submissions demonstrated that the DiPreta defendants did not act in their capacities as attorneys when they allegedly made deceitful statements. Accordingly, the Supreme Court properly granted that branch of the DiPreta defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging violation of Judiciary Law Section 487 insofar as asserted against them by Charles (*see Smallwood v. Lupoli*, 107 A.D.3d 782, 784, 968 N.Y.S.2d 515; *Crown Assoc., Inc. v. Zot, LLC*, 83 A.D.3d 765, 768, 921 N.Y.S.2d 268; *Oakes v. Muka*, 56 A.D.3d at 1058, 868 N.Y.S.2d 796).

"**From:** Gregory Cutrone
**Sent:** Wednesday, April 19, 2023 9:34 AM
**To:** ericowens90@yahoo.com
**Subject:** Garden City Village Court - Discovery Materials

Good Morning Mr. Owens, I have attached the discovery materials from the Police Dept. in this email. If you prefer for this information to be provided on a flash drive, I could arrange for you to pick that up at the Court at your convenience.

As soon as I receive an answer to your motion, I will notify you. Very Truly Yours,

From: **Wednesday, April 19, 2023 at 12:00:00 midnight**
To: **Saturday, February 8, 2025 at 12:00:00 midnight**

**Result: 661 days, 0 hours, 0 minutes and 0 seconds,** Or 21 months, 20 days.

**Gregory Cutrone**
Clerk to the Village Justice "

Respectfully, I'm still waiting Greg

## General Municipal Law Section 374-A

"Traffic prosecutor" shall mean an attorney duly admitted to practice law in the state of New York who, having been appointed and either hired or retained pursuant to § 374 (Traffic prosecutor selection and oversight), has the responsibility of prosecuting any traffic and parking infractions returnable before the Nassau county district court or the Suffolk county district court or any traffic infractions returnable before the Buffalo city court pursuant to the jurisdictional limitations of § 371 (Jurisdiction and procedure). 2-a. "Traffic prosecutor" shall also mean an attorney duly admitted to practice law in the state of New York who, having been appointed and either hired or retained pursuant to § 374-B (Traffic prosecutor selection and oversight), has the responsibility of prosecuting any traffic infractions returnable before the Rochester city court pursuant to the jurisdictional limitations of § 371 (Jurisdiction and procedure).

## Article 245 - NY Criminal Procedure Law

(iii) Notwithstanding the timelines contained in the opening paragraph of this paragraph, the prosecutor's discovery obligation under subdivision one of section 245.20 of this article shall be performed as soon as practicable, but not later than fifteen days before the trial of a simplified information charging a traffic infraction under the vehicle and traffic law, or by an information charging one or more petty offenses as defined by the municipal code of a village, town, city, or county, that do not carry a statutorily authorized sentence of imprisonment, and where the defendant stands charged before the court with no crime or offense, provided however that nothing in this subparagraph shall prevent a defendant from filing a motion for disclosure of such items and information under subdivision one of such section 245.20 of this article at an earlier date.

(iv)(A) Portions of materials claimed to be non-discoverable may be withheld pending a determination and ruling of the court under section 245.70 of this article; but the defendant shall be notified in writing that information has not been disclosed under a particular subdivision of such section, and the discoverable portions of such materials shall be disclosed to the extent practicable. Information related to or evidencing the identity of a 911 caller, the victim or witness of an offense defined under article one hundred thirty or sections 230.34 and 230.34-a of the penal law, or any other victim or witness of a crime where the defendant has substantiated affiliation with a criminal enterprise as defined in subdivision three of section 460.10 of the penal law may be withheld, provided, however, the defendant may move the court for disclosure.

(b) The prosecution shall perform its supplemental discovery obligations under subdivision three of section 245.20 of this article as soon as practicable but not later than fifteen calendar days prior to the first scheduled trial date.

(c) The prosecution shall disclose statements of the defendant as described in paragraph (a) of subdivision one of section 245.20 of this article to any defendant who has been arraigned in a local criminal court upon a currently undisposed of felony complaint charging an offense which is a subject of a prospective or pending grand jury proceeding, no later than forty-eight hours before the time scheduled for the defendant to testify at a grand jury proceeding pursuant to subdivision five of section 190.50 of this part.

2. Defendant's performance of obligations. The defendant shall perform his or her discovery obligations under subdivision four of section 245.20 of this article not later than thirty calendar days after being served with the prosecution's certificate of compliance pursuant to subdivision one of section 245.50 of this article, except that portions of materials claimed to be non-discoverable may be withheld pending a determination and ruling of the court under section 245.70 of this article; but the prosecution must be notified in writing that information has not been disclosed under a particular section.

245.20 **Automatic discovery**

1. Initial discovery for the defendant. The prosecution shall disclose to the defendant, and permit the defendant to discover, inspect, copy, photograph and test, all items and information that relate to the subject matter of the case and are in the possession, custody or control of the prosecution or persons under the prosecution's direction or control, including but not limited to:

**Plaintiff The State of New York have also violated speedy trial statues**

The due process and equal protection clauses of the Fourteenth Amendment have been used to challenge myriad decisions by local governments as arbitrary and capricious (a violation of "substantive" due process), imposed without notice and an opportunity to respond (a violation of "procedural" due process), or discriminatory (a violation of equal protection). Regardless of the factual basis underlying the suit, the county itself and the county officials actually involved in the conduct in question can be sued.

Due process requires that the procedures by which laws are applied must be evenhanded, so that individuals are not subjected to the arbitrary exercise of government power.[7]

 In civil contexts, however, a balancing test is used that evaluates the government's chosen procedure with respect to the private interest affected, the risk of erroneous deprivation of that interest under the chosen procedure, and the government interest at stake.[741]

Hagar v. Reclamation Dist., 111 U.S. 701, 708 (1884). "Due process of law is [process which], following the forms of law, is appropriate to the case and just to the parties affected. It must be pursued in the ordinary mode prescribed by law; it must be adapted to the end to be attained; and whenever necessary to the protection of the parties, it must give them an opportunity to be heard respecting the justice of the judgment sought. Any legal proceeding enforced by public authority, whether sanctioned by age or custom or newly devised in the discretion of the legislative power, which regards and preserves these principles of liberty and justice, must be held to be due process of law." Id. at 708; *Accord*, Hurtado v. California, 110 U.S. 516, 537 (1884). *See* Medina v. California 505 U.S. 437, 443 (1992).

**People v. Regan**

**2023 NY Slip Op 01353**

**Decided March 16, 2023**

**New York Court of Appeals**

**Appeals Lawyer in New York**

.

*Analysis*:

By statute and constitutional law, New York guarantees criminal defendants the right to a speedy trial and prompt prosecution (*see People v Staley*, 41 NY2d 789, 791; *People v Vernace*, 96 NY2d 886, 887 [2001]; NY Const Art I, § 6; CPL § 30.20). "[T]he State due process requirement of a prompt prosecution is broader than . . . the Sixth Amendment . . . . [and] [i]n some respects the State rule is less rigid in its application than the right to due process recognized under the Federal Constitution" (*Singer*, 44 NY2d 241, 253). This Court has "long held that unreasonable delay in prosecuting a defendant constitutes a denial of due process of law," and that "[a]n untimely prosecution may be subject to dismissal even though, in the interim, defendant was not formally accused, restrained or incarcerated for the offense" (*see Singer*, 44 NY2d at 253 [internal quotation marks omitted]). "[T]he Court of Appeals has never drawn a fine distinction between due process violations based on delay in commencing prosecution and speedy trial violations," and "the factors utilized to determine if a defendant's rights have been abridged are the same whether the right asserted is a speedy trial right or the due process right to prompt prosecution" (*People v Wiggins*, 31 NY3d 1, 12 [2018] [internal quotation marks omitted]). Those factors are:

"(1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay"(*Wiggins*, 31 NY3d at 9-10, quoting *People v Taranovich*, 37 NY2d 442, 445 [1975]). " '[N]o one factor or combination of the factors . . . is necessarily decisive or determinative of the [prompt prosecution] claim, but rather the particular case must be considered in light of all the factors as they apply to it' " (*Wiggins*, 31 NY3d at 10, quoting *Taranovich*, 37 NY2d at 445).

*Analysis Under The Taranovich Factors:*

Applying the *Taranovich* factors to this case, the delay was considerable. Although "there is no specific length of time that automatically results in a due process violation," longer delays are more likely to inflict greater harms (*People v Johnson*, 39 NY3d 92, 97 [2022], citing *Taranovich*, 37 NY2d at 445-446; *see also People v Cousart*, 58 NY2d 62, 68 [1982] [citing *Singer* for the proposition that "a five-year delay prior to trial raises a presumption of prejudice"]).

In *People v Staley*, the Court of Appeals held that a "wholly unexplained 31-month delay" was an "extraordinary time-lapse" that "would, without question, be cause for dismissal of the indictment" even without any showing of prejudice (*see* 41 NY2d at 790-793). Even the People concede that the delay here was "excessive." The fact that the Legislature removed the statute of limitations does not change our analysis (*see* Singas, J., dissenting op at 19 n 7) and if anything heightens the need for constitutional vigilance (*see Singer*, 44 NY2d at 253 ["it cannot be assumed that the Statute of Limitations will adequately protect the defendant against the potential prejudice inherent in any delay, since in this State there is no Statute of Limitations for (rape in the first degree)"]). Under the most charitable interpretation of the record and our case law, the People cannot satisfactorily account for 31 months of their four-year delay"

**The Procedure That Is Due Process**

***The Interests Protected: "Life, Liberty and Property".*** — The language of the Fourteenth Amendment requires the provision of due process when an interest in one's "life, liberty or property" is threatened.

***The Requirements of Due Process.***—Although due process tolerates variances in procedure "appropriate to the nature of the case,"[751] it is nonetheless possible to identify its core goals and requirements. First, "[p]rocedural due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property." Thus, the required elements of due process are those that "minimize substantively unfair or mistaken deprivations" by enabling persons to contest the basis upon which a state proposes to deprive them of protected interests. The core of these requirements is notice and a hearing before an impartial tribunal. Due process may also require an opportunity for confrontation and cross-examination, and for discovery; that a decision be made based on the record, and that a party be allowed to be represented by counsel.

(1) Notice. "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." This may include an obligation, upon learning that an attempt at notice has failed, to take "reasonable followup measures" that may be available. In addition, notice must be sufficient to enable the recipient to determine what is being proposed and what he must do to prevent the deprivation of his interest. Ordinarily, service of the notice must be reasonably structured to assure that the person to whom it is directed receives it. Such notice, however, need not describe the legal procedures necessary to protect one's interest if such procedures are otherwise set out in published, generally available public sources.

(2) Hearing. "[S]ome form of hearing is required before an individual is finally deprived of a property [or liberty] interest." This right is a "basic aspect of the duty of government to follow a fair process of decision making when it acts to deprive a person of his possessions. The purpose of this requirement is not only to ensure abstract fair play to the individual. Its purpose, more particularly, is to protect his use and possession of property from arbitrary encroachment . . .." Thus, the notice of hearing and the opportunity to be heard "must be granted at a meaningful time and in a meaningful manner."

(3) Impartial Tribunal. Just as in criminal and quasi-criminal cases, an impartial decisionmaker is an essential right in civil proceedings as well. "The neutrality requirement helps to guarantee that life, liberty, or property will not be taken on the basis of an erroneous or distorted conception of the facts or the law. . . . At the same time, it preserves both the appearance and reality of fairness . . . by ensuring that no person will be deprived of his interests in the absence of a proceeding in which he may present his case with assurance that the arbiter is not predisposed to find against him."

There is, however, a "presumption of honesty and integrity in those serving as adjudicators,"[766] so that the burden is on the objecting party to show a conflict of interest or some other specific reason for disqualification of a specific officer or for disapproval of the system.

**NY VTL § 155** holds that "violations shall be deemed misdemeanors and all provisions of law relating to misdemeanors...except as herein otherwise expressly provided shall apply except that no jury trial shall be allowed for traffic infractions." In other words, while a traffic violation is NOT a criminal matter, for all procedural purposes it must be treated like a misdemeanor.

- The speedy trial provisions for misdemeanors is contained in NY VTL § 30.30(b), which holds that for a trial to be timely it must be held within "ninety days of the commencement of a criminal action wherein a defendant is accused of one or more offenses, at least one of which is a misdemeanor *punishable by a sentence of imprisonment of more than three months."* This creates a problem for traffic infractions, because while a defendant can get sentenced to jail for a traffic violation, the sentences are rarely authorized for more than 3 months.

- This means that speedy trial goes back to the catch-all under CPL § 30.20, "After a criminal action is commenced, the defendant is entitled to a speedy trial."  However, how long of a time is it deemed to be "speedy?"

- For that we have to look at case law. Case law is what judges have determined the laws to be when statutes are silent on the issue and it requires interpretation of statutory intent.

- Numerous New York court cases have held that the speedy trial provision found in *CPL § 30.20* applies to traffic violation cases. The question becomes therefore, what is considered an acceptable time frame within which one charged with a New York traffic violation must be brought to trial in light of *CPL § 30.20?* Two years seems to be the limit.

- **The lead case in this area is _People v. Thorpe, 160 Misc.2d 558, 613 N.Y.S.2d 795 (App. Term 2nd Dept. 1994)_. In Thorpe the court reversed a trial court's decision denying an oral application to dismiss on the grounds of violation of the right to a speedy trial. The court held that "the constitutional right to a speedy trial applies to all prosecutions," and that "an unexplained delay of over two years in bringing a simple traffic infraction to trial warrants**

dismissal." This is authoritative law that courts must follow. For example, see *People v. Matera, 2003 N.Y. Slip Op. 51180(U) (App. Term, 1st Dept. 2003), People v. Braun, 2014 N.Y. Slip Op. 51582(U) (App. Term, 2nd Dept. 2014), People v. Mahon, 2007 N.Y Slip Op. 50796(U), Index No.: 14454/05 (Nassau County District Court 2007), and People v. Rogoish, 2003 N.Y. Slip Op. 51120(U) (App. Term, 1st Dept. 2003).*

"The term **"liberty"** appears in the due process clauses of both the Fifth and Fourteenth Amendments of the Constitution. As used in the Constitution, liberty means freedom from arbitrary and unreasonable restraint upon an individual. Freedom from restraint refers to more than just physical restraint, but also the freedom to act according to one's own will. On numerous occasions the Supreme Court has sought to explain what liberty means and what it encompasses. For example,":

- The Supreme Court in *Meyer v. Nebraska* stated "[liberty] denotes not merely freedom from bodily restraint but also the right of the individual to contract, to engage in any of the common occupations of life, to acquire useful knowledge, to marry, establish a home and bring up children, to worship God according to the dictates of his own conscience, and generally to enjoy those privileges long recognized at common law as essential to the orderly pursuit of happiness by free men."
- In *Bolling v. Sharpe*, the Supreme Court stated "[liberty] is not confined to mere freedom from bodily restraint. Liberty under law extends to the full range of conduct which the individual is free to pursue, and it cannot be restricted except for a proper governmental objective."
- In *Ingraham v. Wright*, the Supreme Court stated liberty includes "freedom from bodily restraint and punishment" and "a right to be free from and to obtain judicial relief, for unjustified intrusions on personal security."

## §241. Conspiracy against rights

- 18 U.S.C. § 241 (2022) If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or
- The District Court sustained the conspiracy count against a motion to dismiss, and sustained the substantive counts as to the three official defendants. It dismissed the substantive counts as to the 15 private defendants on the ground that, although the indictment alleged that they had acted "under color" of law, it did not allege that they were acting as officers of the State.

- 
- Section 242 defines a misdemeanor, punishable by fine of not more than $1,000 or imprisonment for not more than one year, or both. So far as here significant, it provides punishment for

- "Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any inhabitant of any State . . . to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States. . . ." United States v. Price, 383 U.S. 787 (1966).

## Analysis:

By statute and constitutional law, New York guarantees criminal defendants the right to a speedy trial and prompt prosecution (see *People v Staley*, 41 NY2d 789, 791; *People v Vernace*, 96 NY2d 886, 887 [2001]; NY Const Art I, § 6; CPL § 30.20). "[T]he State due process requirement of a prompt prosecution is broader than . . . the Sixth Amendment . . . . [and] [i]n some respects the State rule is less rigid in its application than the right to due process recognized under the Federal Constitution" (*Singer*, 44 NY2d 241, 253). This Court has "long held that unreasonable delay in prosecuting a defendant constitutes a denial of due process of law," and that "[a]n untimely prosecution may be subject to dismissal even though, in the interim, defendant was not formally accused, restrained or incarcerated for the offense" (see *Singer*, 44 NY2d at 253 [internal quotation marks omitted]). "[T]he Court of Appeals has never drawn a fine distinction between due process violations based on delay in commencing prosecution and speedy trial violations," and "the factors utilized to determine if a defendant's rights have been abridged are the same whether the right asserted is a speedy trial right or the due process right to prompt prosecution" (*People v Wiggins*, 31 NY3d 1, 12 [2018] [internal quotation marks omitted]). Those factors are:

"(1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay"(*Wiggins*, 31 NY3d at 9-10, quoting *People v Taranovich*, 37 NY2d 442, 445 [1975]). " '[N]o one factor or combination of the factors . . . is necessarily decisive or determinative of the [prompt prosecution] claim, but rather the particular case must be considered in light of all the factors as they apply to it' " (*Wiggins*, 31 NY3d at 10, quoting *Taranovich*, 37 NY2d at 445).

## Analysis Under The Taranovich Factors:

Applying the *Taranovich* factors to this case, the delay was considerable. Although "there is no specific length of time that automatically results in a due process violation," longer delays are more likely to inflict greater harms (*People v Johnson*, 39 NY3d 92, 97 [2022], citing *Taranovich*, 37 NY2d at 445-446; *see also People v Cousart*, 58 NY2d 62, 68 [1982] [citing *Singer* for the proposition that "a

Wherefore I respectfully request that the tickets be dismissed and any other relief that the Court deems just and proper.

Date: 2/10/25

Respectfully, _____

Eric Owens, Defendant

**Garden City Justice Court**
349 Stewart Avenue
Garden City, NY 11530
t: 516-465-4080
e: gcutrone@gardencityny.net
**Cc:**
Steven Stern
179 Westbury Avenue
Carle Place, NY 11514
US Court of Appeals 2nd Circuit
40 Foley Sq
New York, NY 10007
Hon. Joan Azrack
USDC EDNY
100 Federal Plaza
Central Islip, NY

Sworn to me this _10_ day of 20_25_ FEB

_____
Notary

**ALAN GOLDBERG**
Notary Public, State of New York
No. 01GO6116688
Qualified in Nassau County
Commission Expires 10/04/2028

 

## INCORPORATED VILLAGE OF GARDEN CITY
### 351 STEWART AVENUE
### GARDEN CITY, NEW YORK 11530
(516) 465-4052

APPLICATION FOR PUBLIC ACCESS TO RECORDS
CHAPTER 42 OF THE VILLAGE CODE

DATE: 3/24/25

TO:    RECORDS ACCESS OFFICER

DEPARTMENT:    ☑ Village Clerk    ☐ Building    ☐ Treasurer
               ☐ Fire           ☐ Public Works ☐ Recreation
               ☐ Police

HEREBY APPLY TO INSPECT THE FOLLOWING RECORDS:
Copies of the Traffic Prosecutors Motion(s) in opposition
To All my motions, along with what legal Authority used
in the prosecution's submittion to the Court

PURPOSE OF RECORDS INSPECTION: 2) Copy of Allen's decision and copy of laws he used to support his Decision.
Because under Due Process and for Appeal purposes
Im legally Entitled to them As An Accused.

NAME: Eric Owens          REPRESENTING: _____

ADDRESS: 14 Butler St Glen Cove, NY 11542

TELEPHONE: _____ E-MAIL: _____

CELL PHONE: 347 724-0609 SIGNATURE: _____

### *FOR OFFICE USE ONLY*

Check One:    _____ Approved    _____ Denied    _____ Record cannot be found

Records Available for Inspection (Date): _____ Copies of Records Available (Date): _____

Records Inspected By: _____ Number of Copies: _____

Date: _____ Fee Received: _____

_____          _____          _____
Signature of Records Access Officer          Title          Date

Revised 11/21

Eric Owens, Petitioner
14 Butler Street Apt 2C
Glen Cove, NY 11542
347-724-0609
Ericowens90@yahoo.com

## Affirmation of indigency

I am unable to pay the fees related to processing this claim because, due to the defendants and others who have obstructed justice; causing me to be denied over 100 job opportunities.

I lost my home, and for the last year I rented an apartment of which I face eviction due to my inability to pay rent.

My WIFI and cable service has been suspended due to nonpayment.

I've had to sell my vehicle a year ago to pay security and rent in advance.

I have suffered from food insecurity and have had to obtain SNAP benefits.

I have no bank accounts; my bank account was negative and was recently closed.

I Eric Owens depose and state under the penalty of perjury that the above statements regarding my indigency is true.,

*Eric Owens* 3/24/25

**Eric Owens, Plaintiff**
14 Butler Street Apt 2C
Glen Cove, NY 11542
347-724-0609
Ericowens90@yahoo.com

Glen Cove Gardens Development
140 Glen Cove Ave
Glen Cove, NY 11542

**STATEMENT**

Page 1

Owens, Eric
14 Butler St
2C
Glen Cove, NY 11542-

**Amount Due:**          1,080.00

Statement Date: 03/31/2025          Tenant Number: 12071          Statement #:  ST097218

                                                                       09      004      2C

| Due Date | Reference # | Description | Original Amount | Amount Due |
|----------|-------------|-------------|-----------------|------------|
| 10/03/2024 | AR00045075 | New admission | 180.00 | 180.00 |
| 11/01/2024 | AC00063154 | RENT CHARGE | 180.00 | 180.00 |
| 12/01/2024 | AC00063358 | RENT CHARGE | 180.00 | 180.00 |
| 01/01/2025 | AC00063564 | RENT CHARGE | 180.00 | 180.00 |
| 02/01/2025 | AC00063771 | RENT CHARGE | 180.00 | 180.00 |
| 03/01/2025 | AC00063978 | RENT CHARGE | 180.00 | 180.00 |
| | | **Amount Due:** | | 1,080.00 |

Received By: _____     Date: _____     Amount Paid: _____

Tenant #:          12071

S40
SNAP Program
P.O. BOX 29008
BROOKLYN, NY 11202

ERIC OWENS
GENERAL DELIVERY
NEW YORK, NY 10001-9999

## SNAP BUDGET CALCULATION FOR NCA & NCA-SSI CASES

Case Number: 00013307293E          SNAP Site: S40          Number in Case: 01

Case Name: OWENS ERIC          Worker:          Effective Date of Budget 25/A/01

### BUDGET CALCULATION

**A. INCOME**

| | | |
|---|---|---|
| 1. | MONTHLY GROSS EARNED INCOME | $.00 |
| 2. | NET MONTHLY INCOME FROM BOARDER/LODGER | $.00 |
| 3. | LINES 1 + 2 | $.00 |
| 4A. | MONTHLY GROSS UNEARNED SSA INCOME | $.00 |
| 4B. | MONTHLY GROSS UNEARNED SSI INCOME | $.00 |
| 4C. | MONTHLY GROSS UNEARNED OTHER INCOME | $.00 |
| 5. | NET MONTHLY UNEARNED INCOME (LINES 4A + 4B + 4C) | $.00 |
| 6. | MONTHLY GROUP HOME EXCLUSION | $.00 |
| 7. | MONTHLY CHILD SUPPORT EXCLUSION | $.00 |
| 8. | LINES 3 + 5 LESS LINES 6 + 7 | A. $.00 |

**B.** $163... STANDARD MONTHLY          B. $1.30

**C. DEDUCTIONS**

| | | |
|---|---|---|
| 9 | 20% OF LINE 3 | $.00 |
| 10 | STANDARD DEDUCTION | $204.00 |
| 11. | ALLOWABLE MONTHLY CHILD CARE/ DEPENDENT CARE COSTS | $.00 |
| 12. | ALLOWABLE MONTHLY MEDICAL DEDUCTIONS | $.00 |
| 13. | CHILD SUPPORT DEDUCTIONS | |
| 14. | HOMELESS SHELTER DEDUCTION | $190.30 |
| 15. | LINES 9 + 10 + 11 + 12 + 13 + 14 | C. |

**D.** ADJUSTED INCOME

16. A MINUS C          D.

**E. SHELTER COSTS**

| | | |
|---|---|---|
| 17. | MONTHLY ACTUAL RENT OR MORTGAGE BILLED TO HOUSEHOLD | $.00 |
| 18. | MONTHLY COMBINED UTILITY/PHONE STANDARD | $.00 |
| 19. | MONTHLY COMBINED HEAT/UTILITY/PHONE STANDARD | $.00 |
| 20 | MONTHLY PHONE STANDARD | $.00 |
| 21. | OTHER MONTHLY SHELTER EXPENSE. REAL ESTATE TAXES, INSURANCE, INSTALLATION OF UTILITIES, ETC. | $.00 |
| 22. | LINES 17 + 18 + 19 + 20 + 21 | E. $.00 |

**F. EXCESS SHELTER DEDUCTIONS**

| | | |
|---|---|---|
| 23. | TOTAL SHELTER COST , E | |
| 24 | 1/2 OF ADJUSTED INCOME, D | |
| 25. | EXCESS SHELTER COSTS. (LINES 23 MINUS 24) IF 23 IS LESS THAN 24, ZERO WILL APPEAR. | |
| 26. | MAXIMUM SHELTER DEDUCTION FOR AGED/DISABLED, AMOUNT FROM LINE 25. FOR ALL OTHERS, ACTUAL OR STANDARD, 459.00, WHICHEVER IS LESS. | F. $459.00 |

**G. SNAP NET INCOME**

| | | |
|---|---|---|
| 27. | D, ADJUSTED INCOME | |
| 28. | F, EXCESS SHELTER DEDUCTION | $.00 |
| 29. | MONTHLY NET SNAP INCOME. (LINE 27 MINUS 28) | G. |

**H. BENEFIT ENTITLEMENT**

| | | |
|---|---|---|
| 30. | BENEFIT | $292.00 |
| 31. | MONTHLY SNAP RECOUPMENT | $.00 |
| 32. | ADJUSTED BENEFIT AMOUNT (LINE 30 MINUS 31) | H. $292.00 |

FEDERAL SNAP: $292.00          STATE SNAP: $.00          BUDGET NUMBER: 7

Case 2:23-cv-07730-JMA-ST   Document 31-1   Filed 04/02/25   Page 75 of 76 PageID #: 725

**yahoo!mail**    Search your mail    Give feedback    L

Starred   Contacts   More

← Back    ↩ ↪ ✉ ☆ ▢ 🗑 ⊗ ⋯    ↑ ↓ ✕

Inbox
Starred
Sent
Drafts
Folders
⋯

📁 Inbox

## (No Subject) 📎

Eric owens
To: me · Mon, Mar 24 at 10:15 AM ⌄

