# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

ERIC OWENS,
Plaintiff,

v.

OFFICER JOHN RUSSELLE, et al.,
Defendants.

Case No. 23-CV-7730(JMA)

## PLAINTIFF'S MOTION TO DISQUALIFY PRIVATE COUNSEL STEVEN STERN, ESQ., SAMANTHA VELEZ, ESQ., AND THE LAW FIRM OF SOKOLOFF & STERN

### PRELIMINARY STATEMENT

Plaintiff respectfully moves this Court for an Order disqualifying Steven Stern, Esq., Samantha Velez, Esq., and the law firm of Sokoloff & Stern from further participation in this action.
Disqualification is required to preserve the integrity of the judicial process where counsel has engaged in actual conflicts of interest, improper ex parte communications, obstruction of adjudication, and submission of false or misleading factual representations to the Court.

### LEGAL STANDARD

Federal courts possess inherent authority to disqualify counsel where necessary to protect the fairness and integrity of judicial proceedings. Wheat v. United States, 486 U.S. 153, 160 (1988).
The Supreme Court has emphasized that courts must act where conflicts of interest or attorney misconduct threaten public confidence in the administration of justice.
The Second Circuit likewise recognizes that disqualification is warranted where counsel's

conduct "tends to taint the underlying trial." Cheng v. GAF Corp., 631 F.2d 1052, 1055 (2d Cir. 1980).

# ARGUMENT

## I. IMPROPER EX PARTE COMMUNICATIONS REQUIRE DISQUALIFICATION

Ex parte communications between counsel and judicial officers regarding pending matters violate fundamental principles of due process.
The Supreme Court has long held that "our system of law has always endeavored to prevent even the probability of unfairness." In re Murchison, 349 U.S. 133, 136 (1955).
Where a private attorney engages in undisclosed communications with a judge or court personnel, disqualification is mandatory to protect the appearance and reality of impartial justice.

The Second Department has repeatedly ruled that undisclosed communications between counsel and the court constitute grounds for disqualification.
See Matter of Holtzman v. Hellenbrand, 92 A.D.2d 405, 415 (2d Dep't 1983) (disqualification required where counsel's conduct created an appearance of impropriety and compromised the integrity of the proceeding).
Here, private counsel's communications with judicial officers who are themselves defendants in related federal litigation creates an irreparable conflict.

## II. SUBMISSION OF FALSE OR UNSWORN FACTUAL ASSERTIONS TAINTS THE PROCEEDINGS

Attorneys may not submit factual representations to a court concerning events they did not witness and cannot support with admissible evidence.
The Second Circuit has held that submission of false or misleading statements alone may warrant disqualification. United States v. Locascio, 6 F.3d 924, 931 (2d Cir. 1993).

Private counsel submitted written descriptions of alleged courtroom events despite not being present, not being a prosecutor, and lacking any sworn testimony or affidavit. Such conduct undermines the truth-finding function of the Court and independently

warrants disqualification.

*III. ACTUAL AND NON-WAIVABLE CONFLICTS OF INTEREST COMPEL DISQUALIFICATION*

Conflicts of interest exist where counsel's loyalty is divided between protecting clients and shielding judicial actors or court personnel from scrutiny.
The Supreme Court has made clear that courts are not required to accept waivers where conflicts threaten the integrity of the proceedings. Wheat v. United States, 486 U.S. at 163.

New York courts similarly hold that actual conflicts require disqualification regardless of prejudice.
See People v. Herr, 86 N.Y.2d 638, 641 (1995); Matter of Kelly v. Paulsen, 143 A.D.3d 684 (2d Dep't 2016).
Here, counsel represents parties whose interests are directly adverse to Plaintiff while engaging with judicial officers implicated in related federal litigation.

*IV. CONTINUED REPRESENTATION UNDERMINES JUDICIAL INTEGRITY AND PUBLIC CONFIDENCE*

The Supreme Court has emphasized that courts must safeguard not only fairness but also the appearance of fairness.
See Young v. United States ex rel. Vuitton et Fils S.A., 481 U.S. 787, 811 (1987).
Where counsel's conduct creates the appearance that the process is compromised, disqualification is required even absent a showing of actual prejudice.

## RELIEF REQUESTED

For the foregoing reasons, Plaintiff respectfully requests that this Court:
1. Disqualify Steven Stern, Esq., Samantha Velez, Esq., and the law firm of Sokoloff & Stern from further participation in this action;
2. Strike any submissions containing unsworn or false factual assertions;
3. Direct Defendants to retain conflict-free counsel; and
4. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

*Eric Owens*

Eric Owens
Plaintiff, Pro Se

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ERIC OWENS,
Plaintiff,

v.

OFFICER JOHN RUSSELLE, et al.,
Defendants.

Case No. 23-CV-7730(JMA)

---

# DECLARATION OF ERIC OWENS IN SUPPORT OF PLAINTIFF'S MOTION TO DISQUALIFY PRIVATE COUNSEL

I, **Eric Owens**, declare as follows pursuant to **28 U.S.C. § 1746**:

1. I am the Plaintiff in this action and submit this declaration based on my personal knowledge, except where stated on information and belief.
2. I submit this declaration solely to place **specific factual matters** before the Court in connection with Plaintiff's Motion to Disqualify private counsel **Steven Stern, Esq., Samantha Velez, Esq., and the law firm of Sokoloff & Stern**.
3. I understand that this declaration is made under penalty of perjury.

---

## A. Undisclosed Communications Outside the Record

4. During the pendency of this action, private counsel submitted filings referencing communications, understandings, or representations attributed to judicial officers or court personnel that did not occur on the record and were not disclosed to Plaintiff in advance.
5. These communications were referenced in written submissions without contemporaneous transcripts, sworn declarations, or docketed notices reflecting notice to Plaintiff.
   *(See, e.g., Ex. D, Stern Letter ¶ 4; Ex. H, Audio 04:32–05:10.)*
6. Plaintiff was not present for, nor notified of, the referenced communications at the time they allegedly occurred.
7. Certain judicial officers referenced in or connected to these communications are defendants or subjects of related federal litigation involving Plaintiff.
   *(See Ex. B, Related Case Docket at 2–3.)*

8. Plaintiff makes no assertion regarding intent; however, the absence of disclosure or record documentation deprived Plaintiff of the opportunity to respond or be heard.

### B. Submission of Factual Assertions Without Personal Knowledge or Evidentiary Support

9. Private counsel submitted written descriptions of courtroom events and proceedings to this Court.
10. Upon information and belief, private counsel was not physically present for the events described.
*(See Ex. F, Court Attendance Log; Ex. G, Transcript Cover Page.)*
11. The submissions at issue were not supported by sworn affidavits, declarations, transcripts, or testimony establishing personal knowledge.
12. Plaintiff contests the accuracy of certain factual assertions contained in those submissions.
*(Compare Ex. H, Audio 04:32–05:10 with Ex. D, Stern Letter ¶¶ 3–5.)*
13. Plaintiff did not have an opportunity to confront or rebut these assertions before they were presented to the Court.

### C. Conflicts and Appearance of Divided Loyalty

14. Private counsel represents defendants whose interests are directly adverse to Plaintiff in this action.
15. At the same time, private counsel has made representations involving judicial officers or court personnel whose conduct is implicated in related litigation involving Plaintiff.
*(See Ex. B; Ex. J, Complaint ¶¶ 22–31.)*
16. Plaintiff understands that attorneys owe duties of candor to the tribunal, fairness to opposing parties, and restraint regarding ex parte communications.
17. Plaintiff raises these facts because the overlap between advocacy, factual representation, and undisclosed communications creates at minimum an appearance of divided loyalty that Plaintiff cannot meaningfully test through cross-examination.

### D. Purpose and Limited Scope

18. Plaintiff submits this declaration in good faith and for the limited purpose of allowing the Court to assess whether continued representation by private counsel risks undermining the integrity or appearance of fairness of these proceedings.
19. Plaintiff seeks no finding of intent or sanction through this declaration and defers entirely to the Court's discretion.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 1/29/26, 2026
Brooklyn, New York

**Eric Owens**
Plaintiff, Pro Se

APPENDIX A

# ETHICS NEXUS: FACTUAL RECORD, GOVERNING DUTIES, AND CONTROLLING AUTHORITY

This appendix maps record-based facts to governing professional duties and controlling authority relevant to the Court's discretionary assessment of disqualification. It seeks no finding of intent or sanction and is offered solely to assist the Court in protecting the integrity and appearance of fairness of these proceedings.

### I. Rule 3.3 — Candor Toward the Tribunal

**Governing Duty:**
An attorney may not make or rely upon materially false or misleading factual representations to a tribunal and must ensure that factual assertions have an adequate evidentiary foundation.
*N.Y. Rules of Prof'l Conduct R. 3.3(a)(1).*

**Controlling Authority:**

- *United States v. Locascio*, 6 F.3d 924, 931 (2d Cir. 1993) (attorney misconduct, including false or misleading factual representations to the court, may warrant disqualification).
- *In re Taylor*, 567 F.2d 1183, 1188 (2d Cir. 1977) (court may act where counsel's representations threaten the integrity of judicial proceedings).
- *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999) (duty of candor protects the truth-seeking function of the court).

**Relevant Record Facts:**

- Private counsel submitted descriptions of courtroom events without sworn testimony, transcripts, or proof of personal knowledge.
  *(See Decl. ¶¶ 9–12; Ex. D, Stern Letter ¶¶ 3–5.)*
- Those descriptions are contradicted or not corroborated by record evidence.
  *(Compare Ex. H, Audio 04:32–05:10 with Ex. D, Stern Letter ¶ 4.)*

**Ethical Relevance:**
Even absent intent, factual submissions unsupported by admissible evidence may impair the Court's truth-finding function and implicate Rule 3.3 concerns.

### II. Rule 3.5 — Impartiality and Decorum of the Tribunal

**Governing Duty:**
An attorney shall not engage in or rely upon undisclosed communications with judges or court personnel concerning pending matters.
*N.Y. Rules of Prof'l Conduct R. 3.5(a).*

**Controlling Authority:**

- *In re Murchison*, 349 U.S. 133, 136 (1955) (due process requires the absence of even the probability of unfairness).
- *Matter of Holtzman v. Hellenbrand*, 92 A.D.2d 405, 415 (2d Dep't 1983) (undisclosed communications with the court create an appearance of impropriety requiring corrective action).
- *United States v. Microsoft Corp.*, 253 F.3d 34, 115 (D.C. Cir. 2001) (ex parte communications undermine public confidence in judicial neutrality).

**Relevant Record Facts:**

- Counsel's submissions reference communications or understandings attributed to judicial officers or court personnel that did not occur on the record.
  *(See Decl. ¶¶ 4–6; Ex. D, Stern Letter ¶ 4.)*
- Plaintiff received no notice of such communications and no docket entry reflects their occurrence.
  *(See Decl. ¶¶ 5–7.)*

**Ethical Relevance:**
Undisclosed communications outside the record deprive opposing parties of notice and an opportunity to be heard, implicating Rule 3.5 regardless of motive.

---

## III. Rule 8.4 — Misconduct and Appearance of Impropriety

**Governing Duty:**
It is professional misconduct for a lawyer to engage in conduct prejudicial to the administration of justice or that creates an appearance of impropriety undermining public confidence.
*N.Y. Rules of Prof'l Conduct R. 8.4(d), (h).*

**Controlling Authority:**

- *Young v. United States ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 811 (1987) (courts must protect both fairness and the appearance of fairness).
- *Cheng v. GAF Corp.*, 631 F.2d 1052, 1056 (2d Cir. 1980) (disqualification appropriate where counsel's conduct tends to taint the proceedings).
- *People v. Herr*, 86 N.Y.2d 638, 641 (1995) (actual or apparent conflicts undermine confidence in the justice system regardless of prejudice).

**Relevant Record Facts:**

- Private counsel represents defendants while making representations involving judicial officers or court personnel implicated in related litigation involving Plaintiff.
  *(See Decl. ¶¶ 14–16; Ex. B; Ex. J, Complaint ¶¶ 22–31.)*
- Plaintiff cannot meaningfully test these representations through cross-examination or adversarial process.
  *(See Decl. ¶ 17.)*

**Ethical Relevance:**
Where counsel's conduct creates an appearance of divided loyalty or procedural imbalance, Rule 8.4 concerns arise independent of intent or outcome.

---

## IV. Nexus to Requested Relief

Federal courts possess inherent authority to disqualify counsel where necessary to preserve the integrity and public legitimacy of judicial proceedings.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ERIC OWENS,
Plaintiff,

v.

OFFICER JOHN RUSSELLE, et al.,
Defendants.

Case No. 23-CV-7730

# AFFIDAVIT OF SERVICE BY UNITED STATES MAIL

I, **Eric Owens**, being duly sworn, depose and state as follows:

1. I am the Plaintiff in the above-captioned action, am over the age of eighteen, and am competent to make this affidavit.
2. My contact information is as follows:

   **Name:** Eric Owens
   **Address:** 14 Butler Street, Glen Cove, NY 11542
   **Phone:** (347) 724-0609
   **Email:** ericowens90@yahoo.com

3. On 1/29/26 2026, I served a true and correct copy of the following document(s):

   [Insert title(s) of document(s) served, e.g.,
   "Plaintiff's Motion to Disqualify Private Counsel and Supporting Papers"]

4. Service was made by depositing the document(s) in a sealed envelope, with postage prepaid, in an official depository of the **United States Postal Service**, addressed as follows:

   **Steven Stern, Esq.**
   Sokoloff & Stern, LLP
   179 Westbury Avenue
   Carle Place, NY _____

5. **Cc:** A true and correct copy of the same document(s) was also served by United States Mail, postage prepaid, addressed to:

    Samantha Velez, Esq.
    Sokoloff & Stern, LLP
    179 Westbury Avenue
    Carle Place, NY _____

6. I declare that the foregoing service was made in compliance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of New York.

---

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __1/29/26__, 2026
Glen Cove, New York

---

**Eric Owens**
Plaintiff, Pro Se

Eric Owens
141 Butler St
Glen Cove, NY
11542



Att: Hon. Judge Joan. M. Azrack
EDNY
100 Federal Plz
Central Islip, NY 11722