UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ERIC OWENS,

                              Plaintiff,                    Docket No.: 23-cv-07730 (JMA)(ST)

          -against-

1.  THE INCORPORATED VILLAGE OF GARDEN CITY
2.  KENNETH O. JACKSON, POLICE COMMISSION, GCPD
3.  RUSSELL POLICE OFFICER, GARDEN CITY POLICE (GCPD)
4.  SEAGEANT PUNCH, GCPD

          Defendant(s) in their Individual and Official Capacity.

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND FOR LEAVE TO ISSUE SUBPOENAS**

SOKOLOFF STERN, LLP
*Attorneys for Defendants*
179 Westbury Avenue
Carle Place, New York 11514
(516) 334-4500
File No. 230087

Steven C. Stern
Samantha Vélez
          *Of Counsel*

**TABLE OF CONTENTS**

TABLE OF CONTENTS.................................................................................................i

PRELIMINARY STATEMENT ...................................................................................... 1

ARGUMENT .................................................................................................................. 1

    I.    MR. CUTRONE IS NOT A PARTY TO THIS CASE ......................................... 2

    II.    PLAINTIFF REPRESENTED TO THE COURT AND DEFENDANTS THAT HE WAS NOT SEEKING DISCOVERY OTHER THAN OPPOSITION TO HIS TRAFFIC COURT MOTIONS..................................................................................... 2

    III.    PLAINTIFF'S REQUEST FOR LEAVE TO ISSUE SUBPOENAS ON THE GARDEN CITY TRAFFIC COURT CLERK AND GARDEN CITY POLICE DEPARTMENT IS IMPROPER........................................................................................... 4

CONCLUSION............................................................................................................... 6

## TABLE OF AUTHORITIES

Cases                                                                                      Page(s)

*American Transit Insurance Co. v. Pierre,*
   2025 WL  2481528 (E.D.N.Y. August 28, 2025) ......................................................... 5

*Burns v. Bank of Am.,*
   2007 WL 1589437 (S.D.N.Y. June 4, 2007) ........................................................... 5

*In re Fitch, Inc.,*
   33 F.3d 104 (2d Cir. 2003) ................................................................................... 1

*Lehman v. Kornblau,*
   206 F.R.D. 345 (E.D.N.Y. 2001) ........................................................................ 2

*United States v. Sanders,*
   211 F.3d 711 (2d Cir. 2000) ................................................................................ 1

Rules

Fed. R. Civ. P. 26(b)(1) ........................................................................................ 2, 4, 5

Fed. R. Civ. P. 33 .................................................................................................... 3

Fed. R. Civ. P. 34 .................................................................................................... 4, 5

## PRELIMINARY STATEMENT

Defendants submit this memorandum of law in opposition to (a) Plaintiff's motion to compel discovery in the form of interrogatories to non-party Gregory Cutrone, Clerk to the Village Justice of the Incorporated Village of Garden City Justice Court, and (b) Plaintiff's request that the Court so-order subpoenas to Gregory Cutrone and the Garden City Police Department FOIL Officer.

Plaintiff's request to compel Mr. Cutrone, a non-party, to respond to interrogatories is improper. Interrogatories are limited to the parties in a case; non-parties are not obligated to respond to interrogatories. Similarly, Plaintiff's requests to serve subpoenas on the Garden City Traffic Court Clerk and Garden City Police Department FOIL Officer are improper. The Incorporated Village of Garden City, former Police Commissioner Jackson, and several Garden City Police Officers are parties to this case. There is no need to subpoena documents when those documents can be obtained through discovery.

Regardless, Plaintiff has already represented in open Court, on the record, that he will not seek any additional discovery other than papers submitted in opposition to his traffic court motions.

## ARGUMENT

"Motions to compel and motions to quash a subpoena are entrusted to the sound discretion of the district court." *In re Fitch, Inc.,* 33 F.3d 104, 109 (2d Cir. 2003) (*quoting United States v. Sanders,* 211 F.3d 711, 720 (2d Cir. 2000)). Rule 26(b)(2)(c) requires the Court to limit the extent of discovery where "the discovery sought is unreasonable or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive."

1

## I.   MR. CUTRONE IS NOT A PARTY TO THIS CASE

Plaintiff served interrogatories directed to Gregory Cutrone, the Garden City Traffic Court Clerk. Any interrogatories or requests for production served on a non-party are a nullity. *Lehman v. Kornblau,* 206 F.R.D. 345 (E.D.N.Y. 2001). Gregory Cutrone is not a party to this action. Therefore, he is not obligated to respond to the interrogatories.

The discovery Plaintiff seeks from Mr. Cutrone is not relevant to this matter nor "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1). This case involves the issuance of traffic summonses on January 7, 2023, not the conduct of Mr. Cutrone, which is now the subject of a new lawsuit: *Eric Owens v. Gregory Cutrone, et al.*, Docket No. 25-cv-02399 (JMA)(ST). Plaintiff can seek discovery from Mr. Cutrone in that case.

## II.   PLAINTIFF REPRESENTED TO THE COURT AND DEFENDANTS THAT HE WAS NOT SEEKING DISCOVERY OTHER THAN OPPOSITION TO HIS TRAFFIC COURT MOTIONS

Mr. Owens represented to the Court, and in writing to defendants, that he was not seeking any additional discovery other than his request for copies of opposition to the motions he made in traffic court.

> THE COURT: So how much more time do we need to finish up whatever outstanding discovery there is?
>
> MR. OWENS: I don't need nothing from Mr. Stern.
>
> MR. STERN: You don't want anything else?
>
> MR. OWENS: I only want. Listen. Wait, wait, wait, wait, wait. Mr. Stern, don't jump on that. Slow down. Put your cape down, please. I

2

only want the motions that Mr. Allen, that judge, Justice Allen said the people sent to him, hat he reviewed and denied my -- everything. That's all I need.  You could keep the rest because that right there is going to send you -- well, not you, but him to jail. You keep everything else. I need the motions from the people. Anything from the people objecting to any motions I filed with the Garden City Court, I need them, and that's that, sir.

MR. STERN: All right, so regarding any outstanding discovery, the only -- there's only -- the only request is for the -- any objections to your motions in the Garden City Court.

MR. OWENS: From the people of the State of New York. I need that. That's it.

(Ex. A, *Transcript of Proceedings* held on March 17, 2026, p. 14, lines 3-24).

Following the telephone conference held on March 17, 2026, plaintiff sent defense counsel the following email correspondence:

As I stated I only want any and all motions from The People of The State of New York in opposition to everyone of my motions: speedy trial, lack of subject matter jurisdiction. I submitted over 6 motions to Greg so the People should have 6 opposition, i will need the written decision by fake judge allan on each one and what laws he based his decisions on. The name of the prosecutor needs to be on each opposition. I already know your going to have some fake documents from the people, that will come back to haunt you guaranteed. Ty

(Ex. B, Email correspondence from plaintiff to counsel, dated March 17, 2026 at 10:56 AM.)

The following day, Plaintiff emailed counsel interrogatories directed to Garden City Justice Court Clerk Gregory Cutrone (Ex. C.) Defendants objected to the interrogatories (Ex. D.) Plaintiff responded to the objections and emailed counsel his motion to compel responses to the interrogatories. (Ex. E and F.)

Under Fed. R. Civ. P. 33, a party is limited to serving 25 written interrogatories on any other party, unless stipulated by the parties or ordered by the court. There has been no such

3

stipulation or order by the Court in this matter. Plaintiff has already served, and Defendants responded to, 25 Interrogatories to Defendant Officer Russell, 25 Interrogatories to Sgt. Punch, and 25 Interrogatories to Commissioner Jackson. Defendants respectfully submit that these additional Interrogatories, to a Court Clerk who is not a party here, are unnecessary and simply intended to harass him.

As referenced above, Mr. Cutrone is a named defendant in a new lawsuit filed by Mr. Owens, entitled *Eric Owens v. Gregory Cutrone, et al.*, Docket No. 25-cv-02399 (JMA)(ST). That lawsuit—not this one—involves Plaintiff's allegations that the Garden City Traffic Court delayed the disposition of Plaintiff's traffic summonses. Accordingly, Plaintiff's interrogatories to Mr. Cutrone are not relevant to this matter nor "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1).

### III.   PLAINTIFF'S REQUEST FOR LEAVE TO ISSUE SUBPOENAS ON THE GARDEN CITY TRAFFIC COURT CLERK AND GARDEN CITY POLICE DEPARTMENT IS IMPROPER

Plaintiff emailed counsel on March 19, 2026 at 5:03 PM with subpoenas seeking information from the Garden City Traffic Court Clerk and the Garden City Police Department (Ex. G.) The Incorporated Village of Garden City is a named defendant in this action. Therefore, the information sought by plaintiff can and should be obtained from the Village via requests for production.

Under Fed. R. Civ. P. 34, a party may request production of any document containing information relevant to issues in a lawsuit. However, discovery from parties is typically obtained

4

via requests for production, rather than subpoenas. Subpoenas are typically used to obtain information from non-parties.

Subpoenas under Rule 45 are not intended to provide an "end-run around the regular discovery process under Rules 26 and 34." *American Transit Insurance Co. v. Pierre,* 2025 WL 2481528 (E.D.N.Y. August 28, 2025) (*quoting Burns v. Bank of Am.,* 2007 WL 1589437 (S.D.N.Y. June 4, 2007)). If documents are available from a party, it is preferable to have them obtained pursuant to Rule 34. *Id.*

Plaintiff should be denied leave to issue subpoenas to the Garden City Traffic Court or the Garden City Police Department because the Incorporated Village of Garden City is a party to this action. The information sought by the Plaintiff should have been obtained by the Village via requests for production.

Regardless, as discussed above, Plaintiff represented to Court and counsel on March 17, 2026 that he does not need any discovery other than opposition to his motions in traffic court. The most recent discovery extension contemplated that there would be no new sets of requests. Plaintiff's requests should be denied.

5

**CONCLUSION**

Based on the foregoing, Defendants respectfully submit that this Court should deny Plaintiff's request to compel the additional requested discovery in its entirety, together with such other and further relief as the Court may deem just, equitable, and proper.

Dated: Carle Place, New York
April 3, 2026

SOKOLOFF STERN LLP
*Attorneys for Defendants*

By:    Steven C. Stern
Samantha Vélez
179 Westbury Avenue
Carle Place, New York 11514
(516) 334-4500
File No. 230087

6